Frank **RODRIGUEZ, Jr., Appellant,**

v.

The **STATE of Texas, Appellee.**

No. **08–87–00111–CR.**

Court of Appeals of Texas,
El Paso.

Nov. 18, 1987.

Ron Ponton, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION ON MOTION

PER CURIAM.

Frank Rodriguez, Jr. was found guilty by a jury in the 327th District Court of El Paso County, Texas, of the offense of theft of $750.00 or more, but less than $20,-000.00, and the jury set his punishment at five years' confinement, a $5,000.00 fine and recommended probation as to the confinement. The court sentenced him on January 14, 1987.

On May 19, 1987, his attorney filed in this Court a "Motion For Extension Of Time To File Statement Of Facts." That motion recited that notice of appeal was given on January 14, 1987, that a motion for new trial was filed on February 18, 1987, and that the motion was overruled as a matter of law on March 29, 1987. The motion was denied and the attempted appeal dismissed. A motion for rehearing was filed. That motion was overruled and the Court wrote a per curiam opinion noting that the motion to extend the time to file the statement of facts was not timely filed. No motion was ever filed to extend the time to file the transcript.

On October 28, 1987, this Court received a "Motion To Extend Time To File Transcript." It recites that the motion for new trial was filed on February 13, 1987, that it was overruled on March 29, 1987, and that notice of appeal was filed on April 13, 1987. The present motion recites that one prior motion to extend time to file transcript was filed on May 19, 1987. No such motion has been filed in this Court.

The present motion recites that Mr. Rodriguez filed a petition for writ of habeas corpus in 120th Judicial District Court of El Paso County, Texas, and that the writ was granted on October 26, 1987. The motion further states that the relief granted was an out-of-time appeal in the cause which this Court dismissed on May 20, 1987.

▮ The motion to extend the time to file the transcript will not be filed. Even if the motion for new trial was filed on February 13, 1987, as is now stated, and was timely filed, the record had to be filed in this appeal 100 days after sentence was imposed. Rule 54(b), Tex.R.App.P. That deadline expired on April 24, 1987. A motion to extend the time for filing could have been filed within fifteen days after the last date for filing the record. Rule 54(c), Tex.R.App.P. The motion to extend the time for filing the transcript was presented to the Clerk of this Court on October 28, 1987. That motion was 170 days late. This Court dismissed the attempted appeal on May 20, 1987. The motion for rehearing was denied on June 17, 1987. A petition for discretionary review had to be filed within thirty days. Rule 202(b), Tex.R.App.P. No petition was filed and the dismissal of the attempted appeal became final on July 17, 1987. If the judgment of the trial court did not become final fifteen days after April 24, 1987, it certainly was final on July 17, 1987.

▮ Any post-conviction habeas corpus had to be returnable to the Texas Court of

Criminal Appeals at Austin, Texas. Tex. Code Crim.Pro.Ann. art. 11.07, sec. 2(a) (Vernon Supp.1987); Rule 213, Tex.R. App.P. The 120th Judicial District Court had no jurisdiction to grant an out-of-time appeal. This Court has no jurisdiction to grant the filing of the motion to extend time to file transcript. The Clerk is instructed not to file said motion.