Frank **RODRIGUEZ, Jr.,** Relator,

v.

**COURT OF APPEALS, EIGHTH SU-PREME JUDICIAL DISTRICT,** Respondent.

No. 70000.

Court of Criminal Appeals of Texas, En Banc.

April 5, 1989.

Rehearing Denied May 10, 1989.

Arvel (Rod) Ponton, III, El Paso, for relator.

Max N. Osborn, C.J., and Charles R. Schulte, Larry L. Fuller, and Jerry Woodard, JJ., of the Eighth Court of Appeals, El Paso, for respondents, Steve W. Simmons, Dist. Atty. and Robert Dinsmoore, Asst. Dist. Atty., Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

Relator seeks to invoke this Court's original jurisdiction to issue writs of mandamus

1. There is no provision in the Rules of Appellate Procedure for extending the time to file a mo-

pursuant to Article 5, § 5 of the Texas Constitution.

Relator was convicted by a jury of felony theft on January 14, 1987, and the jury assessed punishment at five years probation and a $5,000 fine. Thereafter, on February 13, 1987, relator timely filed a motion for new trial alleging newly discovered evidence. This motion was overruled by operation of law on March 27, 1987. Relator timely filed notice of appeal on April 13, 1987, and perfected his appeal. Relator failed, however, to file the transcript and statement of facts in the Court of Appeals on or before April 24, 1987, one hundred days after sentencing, as required by Rule 54(b) of the Texas Rules of Appellate Procedure.

The Rules of Appellate Procedure provide that "an extension of time may be granted by the Court of Appeals if a motion reasonably explaining the need therefor is filed by the appellant not later than fifteen days after the last date for filing the record". Tex.R.App.Pro. 54(c). Thus, counsel for relator had until May 9, 1987, to request an extension of time for filing the statement of facts.

The record reveals, however, that a letter dated May 7, 1987, was written to relator's attorney, Rod Ponton, over the signature of a deputy clerk of the respondent Court. That letter informed counsel that the record had been due on April 24, 1987, but that an extension of time was possible if requested timely and appropriately drafted. The letter concluded:

The record has not been received by this Court and no motion to extend the time for filing the same has been filed. *The Court will dismiss the attempted appeal on its own motion* ten days after the fifteen-day period above provided expires on May 9, 1987, unless the record *or a timely motion to extend time* for filing the same is received. (emphasis added).

Apparently interpreting the letter to authorize the *late* filing of a *motion* for extension,[1] relator's counsel filed a Motion

tion for extension of time to file the record.

to Extend Time to File Statement of Facts on May 19, 1987. This day was, however, the last day the Court of Appeals apparently intended to authorize counsel to file the record if no motion for extension had been filed by May 19, 1987. The next day, May 20, 1987, respondent entered a "Judgment" which ordered relator's "attempted appeal" dismissed from the Court of Appeals' docket because neither the record nor a motion for extension of time had been timely filed with the Court. Relator then filed a motion for rehearing of the judgment of the Court of Appeals dismissing his appeal. This motion was denied by the Court of Appeals on June 17, 1987. Relator did not seek discretionary review by this Court of the Court of Appeals' decision.

Ponton then filed an "Original Petition for Writ of Habeas Corpus" on relator's behalf in the 120th Judicial District Court of El Paso County on August 21, 1987, praying that his appeal be abated to April 13, 1987, the date relator filed notice of appeal. In this application, relator alleged he was illegally restrained by virtue of his conviction, and he invoked certain rules of the Texas Rules of Appellate Procedure against the Court of Appeals' actions and omissions. Relator further asserted:

> Applicant is entitled to one appeal as of right, as mandated by the Supreme Court of the United States. *Douglas v. California*, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811] (1963). Further, the Sixth and Fourteenth Amendments of the United States Constitution mandate that Applicant receive effective assistance of counsel on his first appeal as of right, and that, should an appeal be dismissed for failure to comply with a State Appellate Rule, such appeal must be remanded to the State Court of Appeals for a full and fair hearing of the merits of the appeal. *Evitts v. Lucy [Lucey]*, 469 U.S. 387 [105 S.Ct. 830, 83 L.Ed.2d 821] (1986).

On September 10, 1987, the district court convened a hearing on the matter at which the State appeared through counsel and evidence was taken. In support of his application, relator filed a post-hearing brief citing this Court's opinion in *Ex parte Renier*, 734 S.W.2d 349 (Tex.Cr.App.1987), and stated he was seeking an out-of-time appeal "so that he may have the appeal to which he is entitled as of right." Thus, relator based his prayer for an out-of-time appeal on the theory that the dismissal of his initial appeal was the result of ineffective assistance of counsel.

The district judge repeatedly expressed his belief that he could not effectively order the respondent Court of Appeals to do anything. Nevertheless, the district court, apparently taken with the equity of the situation as to relator and pursuant to Article 5, § 8 of the Texas Constitution, granted relator the relief prayed for in the application, to wit: an out-of-time appeal.[2] Relator then filed in the Court of Appeals a new notice of appeal, a new motion for extension of time to file the transcript, and a designation of the statement of facts. In response, the State filed a "Motion To Dismiss Attempted Appeal". Not surprisingly, the respondent Court of Appeals refused to proceed with an appeal for relator. The Court of Appeals held that the district court did not have jurisdiction to grant an out-of-time appeal or to grant the filing of the motion to extend time to file the transcript. The Court of Appeals stated the district court did not have jurisdiction because the writ of habeas corpus was returnable to this Court pursuant to Art. 11.07, V.A.C.C.P., and Rule 213, Texas Rules of Appellate Procedure. The Court of Appeals therefore instructed the clerk of the court not to file the motion for extension of time and refused to file the statement of facts.

Relator then filed this petition for what he denominates a Writ of Mandamus directly in this Court. Relator requests this Court to compel the Court of Appeals to comply with the district court's order granting him an out-of-time appeal. In this petition, relator contends that he has no

**2.** The district court did not indicate in its order granting the out-of-time appeal the basis for its decision to grant the appeal. Whether applicant was denied the effective assistance of counsel on original appeal is not an issue before us, and we therefore do not address it.

other remedy at law and that the grant of habeas corpus relief by the district court was proper under Art. 5, § 8, of the Texas Constitution and our recent decision in *Renier*, supra. We note that the conflict appears to be between the respondent Court of Appeals and *relator's counsel*, the result being that relator's constitutional right to appeal has been lost in the shuffle.

█ In *Renier*, supra, we held that Art. 11.07, supra, applies only where a defendant is "confined" pursuant to a final felony conviction. *Id.* at 351. The applicant in *Renier*, supra, was convicted of felony theft and placed on probation. Where a habeas corpus petitioner has been granted probation and it has not been revoked, the defendant is not confined and the conviction is not final for purposes of Art. 11.07, supra. *Renier*, supra; *Ex parte Twyman*, 716 S.W.2d 951 (Tex.Cr.App.1986); *Ex parte Payne*, 618 S.W.2d 380 (Tex.Cr.App. 1981). Thus, applicant in this cause, having been placed on probation which has not been revoked, cannot seek habeas corpus relief from this Court under Art. 11.07, supra.

The *Renier* applicant was not without recourse, however. Applying the rationale of *Ex parte Crosley*, 548 S.W.2d 409 (Tex. Cr.App.1977), we further held that Article 5, § 8 of the Texas Constitution, and Art. 11.05 and 11.09, V.A.C.C.P., "combine to provide a procedure for seeking, and jurisdiction, power and authority in district courts under Article 5, § 8, to grant, relief and, failing there, for appeal to a court of appeals, subject to discretionary review by this Court." *Renier*, supra, at 353. The applicant could therefore invoke the original jurisdiction of the district court via habeas corpus application. See *Id.* Thus, the Court of Appeals erred in stating that "any post-conviction habeas corpus had to be returnable to the Texas Court of Criminal Appeals" and in holding the district court had no jurisdiction to grant an out-of-time appeal. *Rodriguez v. State*, 743 S.W. 2d 683 (Tex.App.—El Paso 1987), no pet.

█ The Eighth Court of Appeals contends that *Renier*, supra, does not apply to relator's cause in that *Renier*, supra, dealt with the relationship between habeas corpus jurisdiction under Art. 11.07, supra, and other general habeas corpus jurisdiction. The Court of Appeals perceives the issue in this case as a conflict between appellate relief and habeas corpus relief and argues that relator cannot relitigate the adverse procedural ruling of the Court of Appeals through a writ of habeas corpus. The gist of the Court of Appeals' argument is that relator should have sought discretionary review from this Court prior to filing the writ of habeas corpus with the district court, and having failed to do that, relator is barred from using the writ as a substitute for an appeal. Although it is true that habeas corpus should not be used as a substitute for an appeal, *Ex parte Clore*, 690 S.W.2d 899 (Tex.Cr.App.1985) reh'g denied, if we sustained the position taken by the Court of Appeals we would effectively abolish the district court's habeas corpus jurisdiction under Art. 5, § 8 of the Texas Constitution.

In *State ex rel. Rodriguez v. Onion*, 741 S.W.2d 433 (Tex.Cr.App.1987), Presiding Judge McCormick, writing for the majority, stated that Art. V, § 8 of the Texas Constitution and Art. 11.05, V.A.C.C.P., conferred general jurisdiction in the district courts to issue writs of habeas corpus, even in cases where the district court had no other jurisdiction over the matter in controversy. That case involved the hearing of a writ of habeas corpus in the district court on a county court conviction where the county court also had jurisdiction per Art. 11.09, V.A.C.C.P. This Court said such jurisdiction was merely concurrent and in no way limited the district court's jurisdiction conferred per Art. 11.05, supra. As we stated in *Rodriguez v. Onion*, supra:

We find this provision [Art. 11.05, supra] to be dispositive on the issue of jurisdiction.

*Id.* at 434. Further, in discussing Art. V, § 8 of the Texas Constitution, and specifically addressing whether district courts had habeas corpus jurisdiction in all cases except where "exclusive, appellate or original jurisdiction may be conferred by this Constitution or other law on some other

court, tribunal or administrative body [and] District Court judges shall have the power to issue writs necessary to enforce their jurisdiction", we said:

> There is no grant of jurisdiction to the county courts which precluded a District Court from exercising its plenary power over issuance of writs of habeas corpus in misdemeanor actions"

Thus, we believe the dissent errs in saying "... neither the statutes contained in Chapter 11 of our Code of Criminal Procedure, nor Article V, Section 8 of the Texas Constitution, *which defines jurisdictional limitations of the district courts,* provide for a hearing or an order as was entered by the trial court in this instance." (emphasis supplied). It is simply illogical to read the wording in Article V, § 8 as jurisdictionally restrictive in a district court habeas corpus case involving the granting of an out of time appeal after having just read it jurisdictionally expansive in a district court habeas corpus case involving relief under a misdemeanor conviction. We are dealing with the same writ of habeas corpus in both instances, although the present case gives the appearance of dealing with a different hierarchy. It is the appearance that here we have a district court interfering with an appellate court's jurisdiction instead of that of a county court that forms the basis of the dissent's complaint, so to that we now turn.

In discussing the idea that our ruling today "turn[s] a segment of our criminal justice system on its head" by allowing a "lower" district court to grant an out of time appeal after a "higher" court of appeals affirms an appellant's conviction, one must keep in mind that this is not a case where the district court is attempting to encroach into a matter pending before the Court of Appeals, such as would be prohibited by the constitutional language denying the district court habeas jurisdiction where "exclusive, appellate or original jurisdiction

may be conferred ... on some other court". This is a case where the appellate court has concluded with relator's appeal and thus has relinquished its traditional jurisdiction over the relator's appeal. Thus, the district court is exercising its plenary power over the relator and the State of Texas as represented by the district attorney, not over the Court of Appeals.

Article 11.01, V.A.C.C.P., defines writ of habeas corpus as "the remedy to be used when any person is *restrained* in his liberty." (emphasis added). Article 11.22, V.A. C.C.P., defines restraint as "the kind of control which one person exercises over another, not to confine him within certain limits, but to subject him to the general authority and power of the person claiming such right." Although a post "final" conviction writ of habeas corpus pursuant to Art. 11.07, supra, mandates that the applicant be "in custody" before the writ is entertainable by this Court, see *Renier,* supra, the writs of habeas corpus under Art. 5, § 8 of the Texas Constitution and under Art. 11.05, V.A.C.C.P., and Art. 11.- 07, § 1, V.A.C.C.P., are not so limited. See discussion of *Renier,* supra. A writ of habeas corpus filed in the district court pursuant to its original jurisdiction demands only that the applicant be restrained under the definition of Art. 11.22, supra. In this case, relator's probation began when the Court of Appeals dismissed his original appeal. Relator was therefore under restraint when he filed his writ of habeas corpus with the district court.

We hold that the district court had jurisdiction to entertain the writ of habeas corpus, and applicant in this cause properly invoked that jurisdiction by filing his writ with the district court. Thus, the district court had jurisdiction of the habeas application. Since the district court had this jurisdiction, it had the authority to grant an out-of-time appeal [3] or other relief, such as

---

**3.** There is ample authority to support the granting, via writ of habeas corpus, of an out-of-time appeal by the trial court. See *Reed v. State,* 481 S.W.2d 814 (Tex.Cr.App.1972); *Bradley v. State,* 456 S.W.2d 923 (Tex.Cr.App.1970); *Parris v. State,* 453 S.W.2d 505 (Tex.Cr.App.1970); *Cas-*

*tanuela v. State,* 435 S.W.2d 145 (Tex.Cr.App. 1968); *Phillips v. State,* 429 S.W.2d 897 (Tex.Cr. App.1968). We realize that each of these cases involved habeas corpus relief pursuant to Art. 11.07, supra, but we do not find that that makes the granting of an out-of-time appeal in this

appointment of counsel or compilation of the record on appeal. See *Phillips,* supra; *Ex parte Young,* 418 S.W.2d 824 (Tex.Cr. App.1967). As stated in *Young,* supra:

> In this way the applicant may, in some instances, be afforded all of the relief which the Court of Criminal Appeals or the Federal Court would afford him under the facts.

■ We will grant relator the requested relief if he meets the requirements for obtaining issuance of a writ of mandamus. There are two requirements for obtaining a writ of mandamus: (1) the relator has no other adequate remedy at law; and (2) the act to be compelled is ministerial. *Homan v. Hughes,* 708 S.W.2d 449 (Tex.Cr.App. 1986). Relator contends, and we agree, that he has no other adequate remedy by which to pursue his appeal and that the act to be compelled is ministerial. As to the first requirement, relator cannot file a petition for discretionary review in this Court for review of the Court of Appeals' dismissal of his original appeal as the time for filing the petition has passed. Rule 202, Texas Rule of Appellate Procedure. As discussed earlier, relator may not invoke Art. 11.07, supra, for relief. If we do not compel the Court of Appeals to follow the district court's order granting relator an out-of-time appeal, relator will have to wait until his probation is revoked, assuming it ever is revoked, thereby making his conviction final, and *then* invoke the jurisdiction of this Court pursuant to Art. 11.07, supra, to *seek* an out-of-time appeal.[4] We do not believe such a remedy is an adequate remedy of law. As we stated in *Smith v. Flack,* 728 S.W.2d 784 (Tex.Cr.App.1987),

> "In some cases, a remedy at law may technically exist; however, it may nevertheless be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate. See, e.g., *Houston & T.C. Ry.*

*Co. v. City of Dallas,* 98 Tex. 396, 84 S.W. 648, 656 (1905) ("there is not a plain, adequate, certain, and speedy remedy"); *City of Highland Park v. Dallas Ry. Co.,* 243 S.W. 674, 681 (Tex.Civ.App. —Dallas 1922, writ ref'd) (remedy must be "equally convenient, beneficial, and effective as the proceeding by mandamus") ... Considering all of the above factors, we find that the remedies at law herein enumerated could not provide relators the same swift, exact and sure relief that is available through mandamus; nor could they provide remedies that are *equally* as convenient, beneficial and effective as mandamus."

Finally, the act to be compelled, the filing and docketing of relator's appeal by the Court of Appeals, is a ministerial one. We therefore hold that issuance of the writ of mandamus is proper in this cause.

Having concluded that the trial court had the jurisdiction to grant the relator an out of time appeal, we will conditionally grant the application for a writ of mandamus. Accordingly, the relator's case is remanded to the Court of Appeals for proceedings not inconsistent with this opinion.

It is so ordered.

DUNCAN, J., dissents.

CLINTON, Judge, concurring.

Agreeing with the ultimate decision of the Court, I write to explicate my reasons for concurring in its grant of relief.

In his application for writ of habeas corpus filed August 21, 1987, applicant alleged that he "is illegally restrained of his liberty by virtue of his conviction ... on January 14, 1987, of the felony offense of theft over $750.00, in Cause No. 48455." He then recounted posttrial and appellate developments summarized at the outset in the opinion of the Court; he invoked certain

---

cause any less appropriate. The appellant in each of those cases had a final conviction, so that relief under Art. 11.07, supra, was the appropriate remedy; the appropriate remedy for relator in this cause, since he is on probation, is habeas corpus relief under Article 5, § 8 of the Texas Constitution.

4. This Court regularly grants out-of-time appeals to habeas corpus applicants who have been denied a meaningful appeal. See e.g. *Crawford v. State,* 741 S.W.2d 452 (Tex.Cr.App.1987). Relator in this cause has certainly been denied a meaningful appeal since he has been denied any appeal whatsoever.

rules of Texas Rules of Appellate Procedure against the actions and omissions of the court of appeals. Finally, applicant asserted:

> "Applicant is entitled to one appeal as of right, as mandated by the Supreme Court of the United States. *Douglas v. California,* 372 U.S. 353 [, 83 S.Ct. 814, 9 L.Ed.2d 811] (1963). Further, the Sixth and Fourteenth Amendments of the United States Constitution mandate that Applicant receive effective assistance of counsel on his first appeal as of right, and that, should an appeal be dismissed for failure to comply with a State Appellate Rule, such appeal must be *remanded to the State Court of Appeals for a full and fair hearing of the merits of the appeal. Evitts v. Lucy [Lucey ]*, 469 U.S. 387 [, 105 S.Ct. 830, 83 L.Ed.2d 821] (1986)."

Petition, at 5–6 (All emphasis throughout this opinion is mine unless otherwise indicated.).

The judge of the habeas court convened a hearing on the application September 10, 1987; the State appeared through counsel and evidence was taken.

In support of his application applicant submitted a posthearing brief directing attention to the opinion of this Court in *Renier v. State,* 734 S.W.2d 349 (Tex.Cr.App. 1987), and pointing out that he was seeking an out of time appeal "so that he may have the appeal to which he is entitled as of right." He discussed applicable authorities for granting an out of time appeal and that he is entitled to "one appeal as of right," particularly *Evitts v. Lucey,* supra; *Vicknair v. State,* 702 S.W.2d 304 (Tex.App.— Houston [1st] 1985), no PDR; *Black v. State,* 677 S.W.2d 150, at 154 (Tex.App.— Houston [1st] 1984) (effect of granting habeas relief because of ineffective assistance of counsel on appeal is to set aside mandate of affirmance), reversed on other grounds, 739 S.W.2d 240 (Tex.Cr.App.1987).

Thus it is clear that applicant based his prayer for relief by way of granting an out of time appeal on the proposition that he

suffered a dismissal of his initial appeal because of ineffective assistance of appellate counsel. The habeas court entered a written order finding, *inter alia,* that the court had jurisdiction and that applicant was entitled to the relief for which he prayed; accordingly, the court granted applicant an out of time appeal.

In *Ex parte Renier,* supra, confronting an applicant "who is at large but claims he may suffer 'restraints' from collateral consequences of a prior felony conviction," the Court found *such an applicant* is not barred from seeking relief by way of habeas corpus, *viz:*

> "Accordingly, along the lines of *Ex parte Crosley,* [548 S.W.2d 409 (Tex.Cr. App.1977)], we hold that the constitutional and statutory provisions combine to provide a procedure for seeking, and jurisdiction, power and authority in district courts under Article V, § 8, to grant relief and failing there, for appeal to a court of appeals, subject to discretionary review by this Court."

*Id.,* at 353.

Today the Court applies that holding to an applicant who also is at large but claims that he is suffering "restraints" from consequences of being on probation following dismissal of an appeal challenging the order placing him on probation.

Under Article 44.02, V.A.C.C.P., every defendant in any criminal action has a right of appeal under rules specified in Chapter Fortyfour, V.A.C.C.P. The State may not defeat that right where, e.g., appellate counsel is so ineffective that the purported appeal is dismissed. *Evitts v. Lucey,* supra.

A court with jurisdiction and power to determine an application for habeas corpus claiming denial of the valued constitutional right to effective assistance of counsel on appeal also possesses authority to sustain that claim and grant appropriate relief. A District Court finds all that in Article V, § 8. See, e.g., *State ex rel. Rodriguez v. Onion,* 741 S.W.2d 433 (Tex.Cr.App.1987).*

---

* Whether the court of appeal correctly dismissed the "purported appeal," as the Presiding Judge

opines in his dissenting opinion, at 3, is irrelevant. And for Judge Teague colloquially to call

For those reasons, I join the judgment of the Court.

TEAGUE, Judge, concurring.

I continue to adhere to what I stated in the dissenting opinion that I filed in *Ex parte Renier*, 734 S.W.2d 349 (Tex.Cr.App. 1987). However, because of stare decisis, I join the majority opinion, which reaches a result that is totally consistent with this Court's majority opinion of *Ex parte Renier*.

In *Ex parte Renier*, this Court's majority opinion ruled, inter alia, "that an applicant [who seeks] relief under Article 11.07, §§ 2 and 3 [V.A.C.C.P.] must be suffering collateral legal consequences of a final felony conviction while in confinement in order for this Court to grant relief." 734 S.W.2d at 354, fn. 8.

In *Ex parte Renier*, because this Court found that the defendant in that cause was not shown to be suffering from a final conviction and also was not shown to then be in confinement, a majority of this Court ruled that he could not seek habeas corpus relief under Art. 11.07 in this Court. The defendant's application was dismissed without prejudice to file an original application for the writ of habeas corpus in a District Court. We are not privy to what later occurred, if anything.

In this instance, applicant sought and obtained from a District Court permission to belatedly pursue a direct appeal. The Eighth Court of Appeals has ruled that the District Court did not have jurisdiction to grant applicant an out-of-time appeal. Today, this Court is called upon to decide who wins the "turf war" that exists between these courts.

Although I did not expressly predict in the dissenting opinion that I filed in *Ex parte Renier* what havoc *Ex parte Renier* might in the future cause, I believe that the opinion is sufficiently clear to show that thereafter the members of the Courts of Appeals had my profoundest sympathy, and that *Ex parte Renier* would someday turn a segment of our criminal justice system on its head, which is what occurs by today's majority opinion.

I believe that today's decision is the fruit of the seed that this Court planted in *Ex parte Renier*. I also believe that those members of this Court who voted to join that opinion should be having a difficult time swallowing what must taste much like how many of us remember how castor oil tasted.

I believe that *Ex parte Renier* should have made it obvious to almost anyone that a District Court, rather than a Court of Appeals, or even this Court, see and compare, however, this Court's decision of *State ex rel. Wilson v. Briggs*, 171 Tex. Cr.R. 479, 351 S.W.2d 892 (1961), would have the final say on an original habeas corpus matter, even one that concerned what I believe to be a finally convicted individual. Under *Ex parte Renier*, if the District Court has original habeas corpus jurisdiction, the Court of Appeals must not interfere with that court's original habeas corpus jurisdiction, and, if it does interfere with the District Court's original habeas corpus jurisdiction, it will subject itself to this Court issuing a writ of mandamus against it, as occurred in this cause.

---

this a "turf war," concurring opinion, at 1, 2, is irreverent. Those kinds of implications only distract attention from the rather simple problem before the Court.

Dismissal of the "purported appeal" is a *fait accompli*, creating the status of "restraint" about which applicant complains and from which he seeks relief. To grant an out of time appeal does not impugn or entrench on prior exercise by the court of appeals of its jurisdiction, power and authority to order the dismissal; without at all faulting the court of appeals, it merely provides a remedy for a right denied by defaulting circumstances resulting in dismissal.

Paradoxically, the Presiding Judge concedes that applicant has a right of action via habeas corpus, but he insists, *sans* justification or explication, that "only this Court has the authority to grant relief to this petitioner [sic]," *id.*, at 2. That suggests honoring some notion of "judicial hierarchy."

A proceeding pursuant to Article 11.07, §§ 2 and 3, aside, issuing the writ of habeas corpus to restore the right of appeal to one who lost it through procedural misadventure of counsel is not an exclusive province of any court, state or federal, in this State. Such is the imperative of The Great Writ.

In this instance, it is undisputed that the trial court acted pursuant to its original habeas corpus jurisdiction. Therefore, under *Ex parte Renier,* the District Court had the authority to grant applicant an out-of-time-appeal, assuming that applicant was then "restrained" of his liberty. The evidence from the hearing before the District Court supports the finding that applicant was then under "restraint", and also supports that court's order granting applicant an out-of-time appeal. Therefore, under *Ex parte Renier,* the District Court's action was proper, and the Eighth Court of Appeals had no authority to interfere with what the District Court had ordered, notwithstanding that it had previously ordered applicant's appeal dismissed and has ruled that the District Court did not have jurisdiction to grant applicant an out-of-time appeal.

Who won the "turf war"? Under *Ex parte Renier,* the District Court, of course, did.

With these brief remarks, I join the majority opinion.

McCORMICK, Presiding Judge, dissenting.

Without careful examination of the Constitution and statutes of the State of Texas, the majority determines that a trial court may, through its constitutional habeas corpus powers, order a Court of Appeals to hear an appeal which, under existing law, it has no authority or jurisdiction to hear. To give such authority to the trial courts of this State does indeed "turn a segment of our criminal justice system on its head." The invitation which the majority today issues to the trial courts of this State to interfere with the jurisdiction of our Courts of Appeals will certainly be accepted by many well intentioned trial judges.

I believe we are all in agreement that Article 11.07, V.A.C.C.P., is totally inapplicable to this situation. Likewise, I believe we all recognize that, to a limited extent, the district courts of this State have certain constitutional authority to issue the writ of habeas corpus. However, neither the statutes contained in Chapter 11 of our Code of Criminal Procedure, nor Article V, Section 8 of the Texas Constitution, which defines the jurisdictional limitations of the district courts, provide for a hearing or an order as was entered by the trial court in this instance. Not only was the trial court in this case without jurisdiction to issue the order entered, the majority fails to recognize that mandamus is an extraordinary remedy which should be exercised with extreme caution and only in situations where the law requires the intervention of our jurisdiction.

Mandamus will lie only in situations where the respondent has a ministerial duty to act and where *no other adequate remedy at law is available to the petitioner.* The majority asserts that petitioner has no other adequate remedy at law because the time for appeal has expired. Such assertion ignores the fact that at the time the Court of Appeals in El Paso dismissed the purported appeal petitioner failed to file a petition for discretionary review to this Court within the time limits prescribed. Instead, petitioner sought habeas relief in the district court and, though he may be entitled to an out-of-time appeal, with the help of this Court, has forged a new remedy heretofore unknown to the jurisprudence of this State.

Even today, petitioner has an adequate remedy of law. That remedy at law is the only remedy that is available and is the one which this Court should require: an original habeas corpus application in this Court. In examining Chapter 11 of the Code of Criminal Procedure, the Constitution of the State of Texas and the case law which has developed, it is clear to me that this Court, and only this Court, has the authority to grant relief to this petitioner.

In summary, mandamus does not lie because there is an adequate remedy at law. Secondly, petitioner has failed to exercise the adequate remedy at law which was available to him at the time the Court of Appeals dismissed his purported appeal. To allow a trial court to dictate the jurisdiction of a superior court flies in the face of the orderly administration of justice and as such should not be tolerated. If this Court

is of the opinion that new remedies should be created, it is not within our constitutional purview to create them. As I write today, the Texas Legislature, whose responsibility it is under our Constitution to provide such guidance, is in session. It is there that the changes should be made. For this Court to continue to usurp a legislative function should not be countenanced.

The Court of Appeals was correct in dismissing this petitioner's purported appeal and was correct in refusing to file the record of an out-of-time appeal which was ordered by the trial court. Although the petitioner's contentions may have merit, to disregard our Texas Constitution and to establish a remedy which flies in the face of the separation of powers provisions of our Texas Constitution is to abandon the rule of law.

If *Ex parte Renier*, 734 S.W.2d 349 (Tex. Cr.App.1987), was wrongly decided, then it is the duty of the majority to overrule it rather than to follow blindly our previous mistakes. Today this Court has an opportunity to bring order out of the chaos that we have created. Instead, the majority chooses to compound the problem by creating a new, court-made remedy which can lead our judicial processes into deeper disarray.

By today's opinion, the majority attempts to shirk the constitutional responsibilities that are vested in this Court and create a new remedy which may alleviate part of our already burdened docket. But such is not our function. It is the duty of this Court to operate within the confines of the Constitution of our great State and within the statutes that have been constitutionally written by our Texas Legislature. To allow the procedure that has been here created to become law may well save us from the obligation of addressing original habeas corpus in many instances, but it will not do justice to the system that bears that name.

I must, therefore, for the reasons expressed, dissent to the action that the majority takes today.

WHITE, J., joins this dissent.

BERCHELMANN, Judge, dissenting.

The majority opinion clearly follows from the holding and rationale of *Ex parte Renier*, 734 S.W.2d 349 (Tex.Cr.App.1987) (opinion on rehearing). However, because I believe that *Renier*, supra, was incorrectly decided, I respectfully dissent.

Under *Renier*, supra, this Court decided not to treat a probationer's felony conviction as "final" for purposes of habeas review thereby depriving this Court of jurisdiction to hear a probationer's habeas challenge. This interpretation results in granting jurisdiction in the district court to decide a probationer's writ of habeas corpus. It is the application of the *Renier* rationale which inevitably leads to problems as exemplified in the case at bar and as a consequence turns the system of review upon its head.

I believe a more tenable approach is set forth in Judge Teague's well-written dissent to *Renier*, 734 S.W.2d at 354, wherein ample authority is given to interpret a felony probationer's conviction as "final" for purpose of habeas review, thus lodging jurisdiction in this Court for such cases. Accordingly, I would overrule *Renier*, supra, to put an end to the havoc it will continue to create. I therefore respectfully dissent.