IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00296-CV

 

Ex parte
Eric Roberson

 

 



From the 272nd District Court

Brazos County, Texas

Trial Court No. 09-0001170-CV-272

 



MEMORANDUM  Opinion










 

            The State filed an appeal of an order
by the trial court granting the expunction request of Eric Roberson.  At the
same time the State filed its appeal, the State also filed a motion for new
trial with the trial court.  On November 2, 2009, the trial court granted the State’s motion for new trial.  The State now requests that its appeal be
dismissed.

            This appeal is dismissed.  See Tex. R. App. P. 42.1(b).

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Appeal
dismissed

Opinion
delivered and filed January 13, 2010

[CV06]






 style='text-transform:uppercase'>Tex. Const. art.
V, § 8; Tex. Code Crim. Proc. Ann.
art. 11.05 (Vernon 2005).  By the writ,
Parr sought an out-of-time appeal.  The trial court issued the writ and held an
evidentiary hearing on the merits of granting an out-of-time appeal.  The trial
court granted Parr’s request to file an out-of-time appeal.  Parr filed a
notice of appeal seeking to invoke our jurisdiction to consider the merits of
an appeal from his conviction for robbery.  We dismiss the appeal because we do
not have jurisdiction.  We do not have jurisdiction because the trial court did
not have the authority under an application for a writ of habeas corpus filed
pursuant to article 11.05 of the Code of Criminal Procedure or article V, section
8 of the Texas Constitution to grant Parr an out-of-time appeal.  Thus, the
notice of appeal filed pursuant to the out-of-time appeal is not timely, and
does not invoke our jurisdiction.

          Parr contends the Court of Criminal
Appeals has held that a trial court can grant an out-of-time appeal under article
11.05 of the Code of Criminal Procedure or article V, section 8 of the Texas
Constitution.  For this holding and related argument, Parr relies upon the
Court of Criminal Appeals’ holding in Rodriguez v. Court of Appeals, Eighth
Supreme Judicial District, 769 S.W.2d 554 (Tex. Crim. App. 1989).  Parr is
correct in his analysis that the Rodriguez case interprets the Code and
Constitutional provisions as granting a district court, in some circumstances,
the authority to grant an out-of-time appeal.  Parr’s reliance on the
application of Rodriguez to his circumstance is misplaced.

          The controlling difference between
Parr’s circumstances and Rodriguez’s is that Parr is in prison, confined, and
his conviction is “final.”  Rodriguez was not confined, or being physically
restrained in his liberty, when the trial court, acting under the authority of article
11.05 of the Code of Criminal Procedure and article V, section 8 of the Texas
Constitution, granted Rodriguez an out-of-time appeal.  Physical restraint,
confinement, such as being in prison, is one of the controlling differences of
whether an applicant can bring an application for a writ of habeas corpus in
the district court under article 11.05 of the Code of Criminal Procedure and article
V, section 8 of the Texas Constitution, or whether the writ must be brought
under article 11.07 of the Code of Criminal Procedure.  An article 11.07 of the
Code of Criminal Procedure writ must be made returnable to the Court of Criminal
Appeals because that court has the exclusive authority to grant post-felony
conviction relief, such as an out-of-time appeal, if the defendant is then
confined as a result of that final felony conviction.  Tex. Code Crim. Proc. Ann. art. 11.07, § 3 (Vernon 2005); Ater
v. Eighth Court of Appeals, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (“We
are the only court with jurisdiction in final post-conviction felony
proceedings.”).  In its discussion of the issue, the Court of Criminal Appeals
in Rodriguez said:

Although a post “final” conviction writ of
habeas corpus pursuant to Art. 11.07, supra, mandates that the applicant be “in
custody” before the writ is entertainable by this court, see Renier, supra
[Ex parte Renier, 734 S.W.2d 349 (Tex. Crim. App. 1987)] the writs of
habeas corpus under Art. 5, § 8 of the Texas Constitution and under Art. 11.05,
V.A.C.C.P. … are not so limited.

 

Rodriguez, 769 S.W.2d at 558.  Because the applicant in Rodriguez and
Renier were both on probation, their convictions were not final, they
were not confined, and for those reasons an 11.07 writ was not available to
them.  Both were, for purposes of the writs available pursuant to other
provisions of the Code and Constitution, sufficiently retrained in their
liberties, though not in custody, to authorize relief by a writ of habeas
corpus.

          Because Parr’s felony conviction is
final and he was in custody pursuant to that conviction at the time the
application for writ of habeas corpus was filed and heard, the district court
did not have the authority to grant an out-of-time appeal.  Parr’s notice of
appeal filed pursuant to the trial court’s grant of an out-of-time appeal was
untimely and did not invoke this Court’s jurisdiction.

          We dismiss this appeal for want of
jurisdiction.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Before
Chief Justice Gray,

          Justice
Vance, and

          Judge
Trudo[1]

Appeal
dismissed

Opinion
delivered and filed October 11, 2006

Publish

[CR25]









[1] Martha J. Trudo, Judge of the 264th
 District Court of Bell County, sitting by assignment of the Chief Justice of
the Texas Supreme Court pursuant to section 74.003(h) of the Government Code.  See
Tex. Gov't Code Ann. § 74.003(h)
(Vernon 2005).