Opinion issued February 16, 2012



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-11-00843-CR

———————————

Precious
June Harris-Pickett, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 339th District Court

Harris County, Texas



Trial Court Case No. 1039476A

 



 

MEMORANDUM OPINION

          Precious
June Harris‑Pickett appeals the trial court’s July 16, 2010 denial of her
application for a writ of habeas corpus.[1]  Harris‑Pickett plead guilty with an
agreed recommendation to theft on March 17, 2006.[2]  Pursuant to the plea bargain, the court
assessed punishment at two years’ imprisonment, suspended, and placed Harris‑Pickett
on community supervision for four years which she completed and from which she was
discharged on March 17, 2010.

          Although
the trial court did not sign the habeas‑corpus judgment denying relief,
its denial of the application was signed on the application’s face that same
day.[3]  Harris‑Pickett contends she had no
notice of the July 16, 2010 denial, and on September 12, 2011 the trial court
signed a judgment nunc pro tunc to add “No judgment having been entered.”  Harris‑Pickett filed her notice of
appeal on September 14, 2011.

          The State contends that the notice of
appeal was untimely filed, and we agree. 
Texas Rule of Appellate Procedure 26.2(a)(1) requires the notice of
appeal to be filed within 30 days after the day the trial court enters an
appealable order.  The trial court signed
an order denying the application on July 16, 2010.  The notice of appeal was therefore due no
later than August 16, 2010.  See State
v. Rosenbaum, 818 S.W.2d 398,
402 (Tex. Crim. App. 1991) (holding that appellate timetables begin running
from date trial court signs order).

          Harris‑Pickett’s
remedy for not filing a timely notice of appeal of appeal is to file an
application for a writ of habeas to ask the district court to grant an out‑of‑time
appeal.  See Rodriguez v. Court of Appeals,
Eighth Supreme Judicial Dist., 769 S.W.2d
554, 558–59 (Tex. Crim. App. 1989) (orig. proceeding) (out‑of‑time
appeal).  In its brief, the
State points out that Harris‑Pickett could also file another
article 11.072 writ and appeal if the trial court denies her requested relief.

          We
dismiss the appeal for want of jurisdiction.

 

 

                                                                      Jim
Sharp

                                                                      Justice


 

Panel
consists of Justices Keyes, Bland, and Sharp.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]         See Tex. Code Crim. Proc. Ann. art. 11.072, § 8 (West 2005); Tex. R. App. P. 31.

 





[2]         See Tex. Penal Code Ann. § 31.03(a), (b), (e)(4)(A) (West 2011).





[3]         See Tex. Code Crim. Proc. Ann. art. 11.072, § 7 (West 2005) (allowing trial
court to deny application on its face).