

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

WR-82,807-01

**Ex parte JUSTIN TODD VALDEZ, Applicant**

ON APPLICATION FOR AN ORIGINAL WRIT OF HABEAS CORPUS
CRIMINAL ACTION NO. 41070 IN THE COUNTY COURT AT LAW
CALDWELL COUNTY

**RICHARDSON, J., filed a concurring opinion.**

## CONCURRING OPINION

Applicant filed an original writ of habeas corpus with this Court seeking an out-of-time petition for discretionary review ("PDR") from a judgment imposing community supervision. I concur in the Court's decision to dismiss this original application. I agree that Applicant should have filed his writ application with the trial court.

The majority states that "[w]hen an application does not fall within one of the provisions relating to a certain type of judgment, order, or proceeding, a habeas corpus remedy may nevertheless be available under the Texas Constitution and Article 11.05."

Although applicant may have sought relief from this Court via a "Constitutional writ," in dismissing such application, I would have taken the extra step to address whether applicant's writ application is one that *does* fall within one of the statutory provisions. I believe applicant's claim for relief in the form of an out-of-time PDR falls under Article 11.072,[1] not under the general constitutional provisions or under Article 11.05.[2] The majority does not specifically mention Article 11.072. Article 11.072, Section 1, provides: "This article establishes the procedures for an application for writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision." Although Article 11.072 § 2(b) does not expressly allow for a writ applicant to seek an out-of-time appeal or PDR, neither does the express wording of Article 11.07.[3] Yet requests for such relief are routinely considered under Article 11.07. If this Court is going to hold that there are certain claims that, although they do not literally "seek relief from a felony judgment," are still cognizable under Article 11.07, it makes sense that this Court should follow that same line of reasoning when interpreting Article 11.072.

The first section of each statute (Article 11.07 and Article 11.072) is similarly worded

---

[1] TEX. CODE CRIM. PROC. art. 11.072.

[2] TEX. CODE CRIM. PROC. art. 11.05.

[3] TEX. CODE CRIM. PROC. art. 11.07, § 1, provides, "This article establishes the procedures for an application for writ of habeas corpus *in which the applicant seeks relief* from a felony judgment imposing a penalty other than death." (Emphasis added).

and defines the scope of the statute. Both articles apply to attacks on a conviction, whether that conviction resulted in confinement or community supervision. Just as Article 11.07 is the proper vehicle through which to seek an out-of-time appeal or PDR where the applicant was sentenced to confinement, I believe that Article 11.072 is the proper vehicle through which to seek an out-of-time appeal or PDR where the applicant was placed on community supervision.[4]

This Court has indicated in previous opinions that out-of-time appeals are available under Article 11.072. In *Ex parte Martinez*,[5] the appellant filed an Article 11.072 application

[4] I would not interpret the subsequent-application provisions in the two articles as being instructive on this issue. It is true that they are worded differently. Article 11.072, § 9(a) begins, "If a subsequent application for writ of habeas corpus is filed *after final disposition of an initial application under this article*, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that . . ." (emphasis added). Article 11.07, § 4(a) begins, "If a subsequent application for writ of habeas corpus is filed *after final disposition of an initial application challenging the same conviction*, a court may not consider the merits of or grant relief based on the subsequent application unless the application contains sufficient specific facts establishing that . . ." (emphasis added). One could argue that the two phrases, "under this article" in Article 11.072, and "challenging the same conviction" in Article 11.07, denote the difference in interpretations. However, I believe that the key wording is, instead, "final disposition," which is the same in both articles. Filing a request for an out-of-time appeal or PDR under either Article 11.07 or Article 11.072 should not trigger the prohibition against subsequent applications because granting such relief on that type of claim would not be a "final disposition of an initial writ application." In *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997), we held that, "[w]hile the Legislature limited applicants to one bite of the apple, they clearly contemplated that that bite would be a full one." Granting (or denying, for that matter) a writ applicant's request for an out-of-time appeal under either article, then later finding that the subsequent writ bar has been triggered, is not affording that writ applicant the full bite. *See also Ex parte Rodriguez*, 466 S.W.3d 846, 849 n.8 (Tex. Crim. App. June 17, 2015) (mot. for reh'g. overruled Aug. 26, 2015) (noting that, "because applicant's first application was resolved solely on the out-of-time PDR claim, there was no final disposition of a claim that challenged the conviction, so the current application is not barred under Tex. Code Crim. Proc. Art. 11.07 § 4.").

[5] No. PD-1801-10, 2011 WL 2582199 (Tex. Crim. App. 2011) (not designated for publication).

for habeas corpus relief. The trial court signed an order denying the application. The appellant's appeal was dismissed by the appellate court as untimely filed. On discretionary review from the appellate court, this Court held that the notice of appeal was, indeed, untimely filed and affirmed the decision of the court of appeals. The Court's majority opinion in *Martinez* noted, however, that "[t]he appellant's appeal is dismissed without prejudice to his ability to file future 11.072 writ applications in this matter."[6] It was further explained in the concurring opinion that the appellant "may file a subsequent writ application under Article 11.072 alleging the due-process violation—the deprivation of his right to appeal—that had not yet occurred at the time that he filed his original writ application, and request reconsideration of his original writ to remedy that second purported constitutional error. *This is akin to our Article 11.07 writ process of granting an out-of-time appeal when either the appellate attorney fails to properly file a notice of appeal or there is a 'breakdown in the system' that prevents the filing of a proper notice of appeal.*"[7]

Although not in this same context, this Court has previously acknowledged that "[o]ften, it is better to be consistent than right."[8] I believe that there should be consistency in how Articles 11.07 and 11.072 are interpreted with regard to the cognizability of writ

---

[6] *Id.* at *1.

[7] *Id.* (Cochran, J., concurring) (emphasis added); *See also*, *Ex parte Parodi*, No. PD-1740-11, 2012 WL 669981 (Tex. Crim. App. 2012) (not designated for publication).

[8] *Malik v. State*, 953 S.W.2d 234, 236 (Tex. Crim. App. 1997).

applications seeking out-of-time appeals and their impact vis-a-vis the subsequent writ bar.

Therefore, I believe that, just as Article 11.07 is the proper vehicle to request an out-of-time

appeal or PDR from a judgment of confinement, Article 11.072 is the proper vehicle to

request an out-of-time appeal or PDR from a judgment or order imposing community

supervision.[9]  And, I agree with the majority that a trial court judge has the authority to grant

an out-of-time appeal or PDR.[10]

With these comments, I concur in the Court's dismissal of Applicant's original writ

application because I agree that it should have been filed with the trial court.


FILED: May 4, 2016
PUBLISH

---

[9] Applicant filed his Application for An Original Writ of Habeas Corpus on February 3, 2015. He alleges that Article 11.072 does not apply because "as of this date, Petitioner is not on and has not been on community supervision (imposition of the probated sentence was suspended so long as the case was on appeal)."  However, Mandate issued on January 15, 2015.  Therefore, Applicant's appellate process was, at that time, concluded, and his period of community supervision would have begun.

[10] *Rodriguez v. Court of Appeals, Eighth Supreme Judicial Dist.*, 769 S.W.2d 554, 558-59 (Tex. Crim. App. 1989).