In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-19-00125-CR
_____

EX PARTE ADELIO ALEXANDER BARAHONA

On Appeal from the County Court at Law No. 5
Montgomery County, Texas
Trial Cause No. 19-31229

MEMORANDUM OPINION

In this appeal, we must decide whether the court that heard Alexander Barahona's second petition seeking a writ of habeas corpus erred by denying the petition, which sought to overturn Barahona's conviction for his 2018 misdemeanor conviction for DWI.[1] Article 11.59 of the Code of Criminal Procedure prevents

---

[1] We dismissed Barahona's appeal from his first petition seeking habeas relief in 2018. *Ex parte Barahona*, No. 09-18-00328-CR, 2018 Tex. App. LEXIS 8886, at *2 (Tex. App.—Beaumont Oct. 31, 2018, no pet.) (mem. op., not designated for publication) (dismissing Barahona's first appeal from the habeas court's ruling on Barahona's first petition seeking habeas relief in the same case he challenged in the first habeas proceeding, which he filed in July 2018).

courts from considering a successive petition for habeas relief unless the petitioner establishes that his claims are based on facts not within the petitioner's power to produce when the habeas court heard the petitioner's former writ.[2]

For the reasons explained below, we affirm in part and reverse and remand in part.

## Background

Between 2001 and May 24, 2018, Barahona lived in Montgomery County, Texas as a temporary-resident alien under a federal program that allowed an agency of the federal government to give him permission to live in the United States.[3] But in May 2018, the agency, which operates within the Department of Homeland Security, notified Barahona that he might no longer qualify to continue living in the United States under the program based on the application he filed to renew his status under the federal program. The letter informed Barahona that his application contained information showing he had been convicted of two misdemeanors, and

---

[2] Tex. Code Crim. Proc. Ann. art. 11.59.

[3] 8 U.S.C.S. § 1254a(c)(2)(B)(i). (LEXIS through Pub. L. No. 116-91). The program described by the federal agency in a letter Barahona filed in support of his second petition for relief outlines the rules of the agency's program under which Barahona had qualified to live in the United States. The letter states that Barahona's application seeking to renew his right to live here under "Temporary Protected Status (TPS)" contains information—referring to the two misdemeanor convictions—"that may warrant the denial of your TPS application."

that under the rules of the program, he might be ineligible to renew the status as a temporary-resident alien living in the United States. In June 2018, Barahona filed his former petition, his first, challenging the validity of his conviction on the 2018 misdemeanor DWI.

The habeas court conducted a hearing on Barahona's 2018 petition and denied the petition. Barahona appealed the ruling, but this Court dismissed that appeal after finding the Court of Appeals did not have jurisdiction over the appeal because the notice required to perfect the appeal had not been filed in a timely manner.[4]

In February 2019, Barahona filed another petition to overturn his conviction on the 2018 DWI. The 2019 petition, like the one he filed in 2018, alleges the attorney who represented him in the proceedings that resulted in his conviction failed to advise him before he pleaded guilty that a conviction would jeopardize his right to continue to reside in the United States. Barahona's 2019 petition, however, added one more claim. He asked the habeas court in 2019 to grant his request for an out-of-time appeal, since the attorney who represented him in his 2018 appeal had failed to file a timely notice of appeal.

---

[4] *Barahona*, 2018 Tex. App. LEXIS 8886, at *2; *see also* Tex. R. App. P. 26.2(a)(1) (deadlines for filing appeals).

But other than one new claim, the allegations in two habeas petitions are essentially the same. Both petitions challenge the validity of Barahona's 2018 conviction based on trial counsel's failure to advise him properly of the consequences of his plea, given the restrictions of the federal program that allowed the federal agency to give Barahona permission to continue to live in the United States. During the hearing and in the appeal, no one disputes the federal program includes restrictions, including one that allowed the federal agency to deny Barahona's application based on his two convictions on misdemeanor DWIs.[5]

Barahona's 2019 petition contains exhibits, including the petition and exhibits he filed with the former petition he filed in 2018. One of the exhibits is an affidavit Barahona signed, which is in Spanish. It states that the attorney who represented Barahona on his 2018 DWI advised him that having another misdemeanor DWI would not impact his right to live in the United States. And Barahona's affidavit states he relied on the advice of his attorney about the immigration consequences of his plea before deciding to plead guilty in 2018.[6]

---

[5] 8 U.S.C.S. § 1254a(c)(2)(B)(i) (Lexis through Pub. L. No. 116-91).

[6] The affidavit Barahona attached to his original petition is in Spanish, and there is not an English translation in the record pertinent to Barahona's current appeal.

Several new exhibits, which were not included with his former petition filed in 2018, accompanied the petition filed in 2019. One of these is an affidavit from the trial attorney who represented Barahona on his 2018 DWI. The attorney's affidavit states the following: (1) the attorney knew that Barahona was an alien; (2) Barahona was concerned about how the proceedings might affect his right to remain in the United States; (3) he consulted with an immigration lawyer; (4) the immigration attorney told Barahona that pleading guilty to "a Class B DWI would have no negative impact on Mr. Barahona's immigration status[;]" and (5) he conveyed that information to Barahona before Barahona pleaded guilty to committing a Class B misdemeanor DWI.[7] That said, nothing in the attorney's affidavit explains why Barahona could not have produced this same information in his former petition, filed in 2018, when he first challenged his conviction on the misdemeanor DWI.

The habeas court conducted another hearing on Barahona's second petition for relief. Once again, the habeas court denied Barahona's request to overturn his conviction on the 2018 DWI. The habeas court also provided the parties with written findings and conclusions. It found that Barahona had no right to relief on his 2019 petition because he failed to produce information not within his power to produce at

---

[7] The copy of the 2018 judgment of conviction in the record reflects that Barahona was in fact convicted of a Class B misdemeanor DWI.

the former hearing in 2018. And the court denied Barahona's request for an out-of-time appeal. As to that claim, the habeas court found Barahona had no right to relief because he had "no right to *any* counsel, much less constitutionally effective counsel," in the appeal he filed challenging his 2018 conviction on the misdemeanor DWI.

## Issues

Barahona raises four issues in his appeal. He argues the habeas court erred by denying his petition (1) because the evidence established he did not receive effective assistance of counsel on his 2018 DWI, (2) his agreement to plead guilty to the 2018 DWI was involuntary, (3) he established the grounds required to file a second petition for habeas corpus under Texas law, and (4) the evidence in the hearing shows he was entitled to an out-of-time appeal.

## Analysis

For convenience, we address Barahona's third issue before addressing the other issues in his appeal.[8] In issue three, Barahona argues his 2019 petition hinges on facts that were either not within his power to produce at the former hearing or are

---

[8] *See* Tex. R. App. P. 47.1 (allowing the court of appeals to limit its discussion of the issues to resolving the issues necessary to the court's final disposition of the appeal).

based on a change in the law that has occurred since the 2018 hearing.[9] The habeas court rejected both arguments at the hearing it conducted in 2019.

We have already mentioned that several of the exhibits Barahona relied on in 2019 were included with Barahona's former petition for relief. One of the exhibits not before the court in 2018 is an affidavit from the attorney who represented Barahona on his 2018 DWI. The attorney's affidavit states he told Barahona that pleading guilty to the DWI "would have no negative impact on Mr. Barahona's immigration status, including [Barahona's] ability to renew his TPS status." A second exhibit not before the habeas court in 2018 is another affidavit from an attorney who is board certified in immigration law. The immigration attorney's affidavit states the advice Barahona received in 2018 about the immigration consequences of his plea "was incorrect and contrary to established law." But neither of the attorneys' affidavits explains why they could not have testified or provided affidavits during the former proceedings that occurred in 2018.

Barahona filed a new affidavit, this one in English, to support his second petition for relief. But his affidavit also fails to explain why he could not have produced the evidence from the two attorneys who gave evidence on his behalf in

---

[9] Tex. Code Crim. Proc. Ann. art. 11.59 (noting the statutory requirements that apply to parties who seek to obtain relief from their convictions by filing second writs).

the former hearing in 2018. When the habeas court conducted the 2019 hearing, Barahona was not present.[10] Only one witness testified in the 2019 hearing, the attorney who represented Barahona on his 2018 DWI. The attorney testified to the same facts contained in his affidavit. But the attorney also testified he was available to provide the court with his testimony or an affidavit in 2018. He also testified that, in 2018, the attorney who filed Barahona's 2018 petition for habeas relief contacted him but then never called him as a witness.

On appeal, Barahona characterizes the evidence from the two attorneys as evidence not previously presented to the court. While that's true, the evidence and his argument fail to explain why the habeas court could not have found that Barahona failed to establish the evidence he presented in 2019 was not within his power to produce in 2018.

Generally, courts review rulings granting or denying a petitioner's writ of habeas corpus under an abuse of discretion standard.[11] "An abuse of discretion does not occur unless the trial court acts arbitrarily or unreasonably or without reference

---

[10] The court advised the attorneys that the court would consider the exhibits that Barahona had attached to his second habeas application when ruling on the petition.

[11] *See Ex parte Cummins*, 169 S.W.3d 752, 755 (Tex. App.—Fort Worth 2005, no pet.).

to any guiding rules and principles."[12] We afford almost total deference to a trial court's determination of the historical facts, when supported by the record, "especially when the trial court's fact findings are based on an evaluation of credibility and demeanor."[13] In our review, we consider the evidence in a light that favors the habeas court's ruling.[14] If, however, the habeas court resolved the issue in the hearing based on the habeas court's application of a legal standard, we review the ruling using a de novo standard.[15]

Habeas applicants filing successive writs face a heightened evidentiary burden to show they are entitled to relief.[16] They must show the evidence they are using to support their successive petition is important and not within their power to produce at the former hearing.[17] While Barahona argues the habeas court could have

---

[12] *State v. Hill*, 499 S.W.3d 843, 865 (Tex. Crim. App. 2016) (cleaned up); *see also Ex parte O'Neal*, No. 09-15-00229-CR, 2015 Tex. App. LEXIS 9885, at *5 (Tex. App.—Beaumont Sept. 23, 2015, pet. ref'd) (mem. op., not designated for publication).

[13] *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997)).

[14] *See Ex parte Fassi*, 388 S.W.3d 881, 886 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (citation omitted).

[15] *Id.* (citation omitted).

[16] Tex. Code Crim. Proc. Ann. art. 11.59.

exercised its discretion and disregarded the requirements of article 11.59, the court chose not to do so here.[18] While we doubt the habeas court could have disregarded the requirements in the statute, the habeas court's finding that Barahona could have produced the same evidence in the 2018 hearing he produced in 2019 is firmly supported by the evidence in the record in this appeal.

With respect to Barahona's ineffective-assistance-of-trial-counsel claim, we hold the habeas court did not abuse its discretion by concluding Barahona failed to establish that his second petition depended on evidence that was not within his power to produce at the former hearing in 2018.[19] We overrule Barahona's third issue.[20]

---

[17] *Id.*

[18] *Id.* (providing the successive habeas petitioner must show that "since the hearing of the first motion important testimony has been obtained which it was not in his power to produce at the former hearing").

[19] *Id.*; *Ex parte Tavakkoli*, No. 09-14-00358-CR, 2015 Tex. App. LEXIS 2032, at *9–10 (Tex. App.—Beaumont Mar. 4, 2015, pet. ref'd) (mem. op., not designated for publication) (concluding applicant failed to meet the requirements of article 11.59); *see also Ex parte Andrews*, No. 02-16-00393-CR, No. 02-16-00394-CR, 2017 Tex. App. LEXIS 2764, at *3 (Tex. App.—Fort Worth Mar. 30, 2017, no pet.) (mem. op., not designated for publication).

[20] Given our resolution of issue three, we need not address issues one and two. Tex. R. App. P. 47.4.

### Out-of-time Appeal

In his fourth issue, Barahona argues the habeas court erred by denying his request seeking the court's permission to file an out-of-time appeal. First, we note that county courts possess original jurisdiction to grant post-conviction habeas relief on misdemeanor cases, which includes the right to grant a petitioner's request for an out-of-time appeal.[21] Second, we conclude Barahona could not provide evidence in the hearing in 2018 about his appellate attorney's failure to timely pursue an appeal from a ruling made in 2018. Third, we note that Barahona's right to appeal an adverse ruling on a writ of habeas corpus is a statutory right granted by the legislature, it is not a right granted under the Constitution.[22] So given the power the legislature gave county courts to grant out-of-time appeals, and given the circumstances surrounding Barahona's failure to file a timely appeal from the 2018 ruling, we must decide whether the habeas court abused its discretion by refusing to grant Barahona's request for an out-of-time appeal.

---

[21] *See* Tex. Const. art. V, § 16; Tex. Code Crim. Proc. Ann. arts. 11.05, 11.072 § 2; *see generally Rodriguez v. Court of Appeals, Eighth Supreme Judicial Dist.*, 769 S.W.2d 554, 558–59 (Tex. Crim. App. 1989) (explaining the habeas applicant's remedy fell within the trial court's authority to grant an out-of-time appeal).

[22] Tex. Code Crim. Proc. Ann. art. 11.073, § 8.

Relying on *Ex parte Graves*,[23] the 2019 habeas court's findings reflect that court determined Barahona's request for an out-of-time appeal on the court's 2018 ruling was not cognizable because defendants do not have a right to effective assistance of counsel in habeas cases. But in *Ex parte Graves*, the Court of Criminal Appeals addressed whether habeas applicants enjoy a constitutional right to have arguments different than those the habeas attorney raised during the hearing. *Graves* did not address whether a habeas court should entertain a party's request for an out-of-time appeal, a procedural requirement governed by the appellate rules.

The right to appeal a habeas court's ruling is a statutory right, granted by the legislature.[24] The deadline to file a notice of appeal is a matter governed by the rules adopted by the Court of Criminal Appeals.[25] Because *Graves* concerned constitutional rights about arguments and not a procedural right granted by the legislature or appellate deadlines created by the Court of Criminal Appeals, we conclude the holding in *Graves* does not control whether the habeas court should

---

[23] 70 S.W.3d 103, 110 (Tex. Crim. App. 2002).

[24] *Id*; *see also* Tex. Code Crim. Proc. ann. Art. 11.072, § 8 (providing that if "the application is denied in whole or part, the applicant may appeal under Article 44.02 and Rule 31, Texas Rules of Appellate Procedure"); Tex. R. App. P. 25.2(2) ("A defendant in a criminal case has a right of appeal under Code of Criminal Procedure article 44.02 and these rules.").

[25] Tex. R. App. P. 31.1(a); 26.2(a).

have considered and granted Barahona's request for permission to file an out-of-time appeal.[26]

The evidence relevant to Barahona's request shows he wanted to file an appeal, retained an attorney to do so, but the attorney who represented him miscalculated the date the notice was due. For obvious reasons, that evidence was unavailable to Barahona at the former hearing in 2018. We conclude the habeas court erred by failing to grant Barahona's request for an out-of-time appeal.[27]

On this record, we cannot conclude the habeas court's error was harmless.[28] Currently, Barahona's brief, as well as the State's, focus on the evidence before the court in the hearing that occurred in 2019. While the State, when the issue is joined, may choose to argue the scope of appellate review restricts this Court to the evidence available to the habeas court during the hearing it conducted in 2018, we don't know what arguments the parties might raise on that question in the briefs they file to support their arguments in a future appeal.

---

[26] *Id*. 26.2(a).

[27] *See Ex parte Wooten*, No. WR-64,526-10, 2019 Tex. Crim. App. Unpub. LEXIS 197, at *2 (per curiam) (not designated for publication) (granting out-of-time appeal to allow an appeal of a misdemeanor DWI).

[28] *See Lee v. United States*, 137 S.Ct. 1958, 1966–69 (2017).

For the reasons we have explained, we hold the habeas court abused its discretion by denying Barahona's request for an out-of-time appeal. We reverse the judgment to the extent that the judgment denied Barahona's request for an out-of-time appeal on Trial Court Cause Number 18-30764. On remand, we instruct the habeas court to grant Barahona's request for an out-of-time appeal so he can appeal from the habeas court's 2018 ruling.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

_____
HOLLIS HORTON
Justice

Submitted on August 13, 2019
Opinion Delivered March 4, 2020
Do Not Publish

Before Kreger, Horton and Johnson, JJ.