COURT OF
APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

 

NO. 2-10-181-CR
 
 

JOHN D. MOORE                                                                              APPELLANT

 

V.

 

THE
 STATE OF TEXAS                                                                             
 
 STATE

 

------------

 

FROM THE 16TH
DISTRICT COURT OF DENTON
COUNTY

 

------------

 

MEMORANDUM OPINION[1]

 

------------

 

          Appellant John D. Moore attempts to
appeal from the order on his motion for DNA testing, which the trial court
denied on January 5, 2010. Moore filed his notice of appeal on April 26, 2010, although
it was due on February 4, 2010.  See Tex. R. App. P. 26.2(a)(1).

          On May 19, 2010, we sent a letter to
Moore stating that we were concerned that we may not have jurisdiction over his
appeal because his notice of appeal was not timely filed.  We stated that the appeal could be dismissed
for 








want of
jurisdiction unless he or any party desiring to continue the appeal filed with
this court a response showing grounds for continuing the appeal.  See
Tex. R. App. P. 44.3.  Moore filed a
response contending that this court has jurisdiction over his appeal because he
did not receive notice of the order until April 6, 2010. 

          Our appellate jurisdiction over a
criminal appeal is triggered through a timely notice of appeal.  See
Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).  Although a party who does not receive notice
of a judgment or order is given additional time to file a notice of appeal in a
civil case, there is no comparable rule for criminal cases. See Tex. R. App. P. 4.2; Tex. R. Civ. P.
306a.  But see Rodriguez v. Court of
Appeals, Eighth Supreme Judicial Dist., 769 S.W.2d 554, 557 (Tex. Crim.
App. 1989) (stating that an out-of-time appeal may be granted in the exercise
of original habeas jurisdiction).  In the
absence of a timely notice of appeal, a court of appeals does not obtain
jurisdiction to address the merits of the appeal in a criminal case and can take
no action other than to dismiss the appeal.  Slaton v. State, 981 S.W.2d 208, 210 (Tex.
Crim. App. 1998).




 

          Accordingly, we dismiss this appeal
for want of jurisdiction.

 

                                                                             SUE
WALKER

                                                                             JUSTICE

 

PANEL: 
WALKER, MCCOY, and MEIER, JJ.

 

DO NOT
PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  August
19, 2010











[1]See Tex. R. App. P. 47.4.