

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-10-181-CR

JOHN D. MOORE                                                    APPELLANT

V.

THE STATE OF TEXAS                                                    STATE

------------

FROM THE 16TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant John D. Moore attempts to appeal from the order on his motion for DNA testing, which the trial court denied on January 5, 2010. Moore filed his notice of appeal on April 26, 2010, although it was due on February 4, 2010.  *See* Tex. R. App. P. 26.2(a)(1).

On May 19, 2010, we sent a letter to Moore stating that we were concerned that we may not have jurisdiction over his appeal because his notice of appeal was not timely filed.  We stated that the appeal could be dismissed for

---

[1]*See* Tex. R. App. P. 47.4.

want of jurisdiction unless he or any party desiring to continue the appeal filed with this court a response showing grounds for continuing the appeal. *See* Tex. R. App. P. 44.3. Moore filed a response contending that this court has jurisdiction over his appeal because he did not receive notice of the order until April 6, 2010.

Our appellate jurisdiction over a criminal appeal is triggered through a timely notice of appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Although a party who does not receive notice of a judgment or order is given additional time to file a notice of appeal in a civil case, there is no comparable rule for criminal cases. *See* Tex. R. App. P. 4.2; Tex. R. Civ. P. 306a. *But see Rodriguez v. Court of Appeals, Eighth Supreme Judicial Dist.*, 769 S.W.2d 554, 557 (Tex. Crim. App. 1989) (stating that an out-of-time appeal may be granted in the exercise of original habeas jurisdiction). In the absence of a timely notice of appeal, a court of appeals does not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Accordingly, we dismiss this appeal for want of jurisdiction.

SUE WALKER
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 19, 2010