**Jimmy Earl PARR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–05–00232–CR.**

Court of Appeals of Texas, Waco.

Oct. 11, 2006.

---

John W. Segrest, McLennan County Dist. Atty., Waco, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Judge TRUDO.[1]

## OPINION

TOM GRAY, Chief Justice.

Parr is in prison serving a 17 year sentence for robbery. We dismissed his direct appeal for want of jurisdiction because the notice of appeal was late and a motion for extension of time to file a late notice of appeal was not timely filed. *Parr v. State*, 10–05–00011–CR, 2005 WL 675600, 2005 Tex.App. LEXIS 2263 (Tex.App.-Waco, March 23, 2005, no pet.) (not designated for publication).

■ After we dismissed his direct appeal, he filed an application for a writ of habeas corpus under article 11.05 of the Texas Code of Criminal Procedure and article V, section 8 of the Texas Constitution. TEX. CONST. art. V, § 8; TEX.CODE CRIM. PROC. ANN. art. 11.05 (Vernon 2005). By the writ, Parr sought an out-of-time appeal. The trial court issued the writ and held an evidentiary hearing on the merits of granting an out-of-time appeal. The trial court granted Parr's request to file an out-of-time appeal. Parr filed a notice of appeal seeking to invoke our jurisdiction to consider the merits of an appeal from his conviction for robbery. We dismiss the appeal because we do not have jurisdiction. We do not have jurisdiction because the trial court did not have the authority under an application for a writ of habeas corpus filed pursuant to article 11.05 of the Code of Criminal Procedure or article V, section 8 of the Texas Constitution to

John A. Kuchera, Waco, for appellant.

---

1. Martha J. Trudo, Judge of the 264th District Court of Bell County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).

grant Parr an out-of-time appeal. Thus, the notice of appeal filed pursuant to the out-of-time appeal is not timely, and does not invoke our jurisdiction.

Parr contends the Court of Criminal Appeals has held that a trial court can grant an out-of-time appeal under article 11.05 of the Code of Criminal Procedure or article V, section 8 of the Texas Constitution. For this holding and related argument, Parr relies upon the Court of Criminal Appeals' holding in *Rodriguez v. Court of Appeals, Eighth Supreme Judicial District,* 769 S.W.2d 554 (Tex.Crim.App.1989). Parr is correct in his analysis that the *Rodriguez* case interprets the Code and Constitutional provisions as granting a district court, in some circumstances, the authority to grant an out-of-time appeal. Parr's reliance on the application of *Rodriguez* to his circumstance is misplaced.

■ The controlling difference between Parr's circumstances and Rodriguez's is that Parr is in prison, confined, and his conviction is "final." Rodriguez was not confined, or being physically restrained in his liberty, when the trial court, acting under the authority of article 11.05 of the Code of Criminal Procedure and article V, section 8 of the Texas Constitution, granted Rodriguez an out-of-time appeal. Physical restraint, confinement, such as being in prison, is one of the controlling differences of whether an applicant can bring an application for a writ of habeas corpus in the district court under article 11.05 of the Code of Criminal Procedure and article V, section 8 of the Texas Constitution, or whether the writ must be brought under article 11.07 of the Code of Criminal Procedure. An article 11.07 of the Code of Criminal Procedure writ must be made returnable to the Court of Criminal Appeals because that court has the exclusive authority to grant post-felony conviction relief, such as an out-of-time

appeal, if the defendant is then confined as a result of that final felony conviction. TEX.CODE CRIM. PROC. ANN. art. 11.07, § 3 (Vernon 2005); *Ater v. Eighth Court of Appeals,* 802 S.W.2d 241, 243 (Tex.Crim. App.1991) ("We are the only court with jurisdiction in final post-conviction felony proceedings."). In its discussion of the issue, the Court of Criminal Appeals in *Rodriguez* said:

> Although a post "final" conviction writ of habeas corpus pursuant to Art. 11.07, supra, mandates that the applicant be "in custody" before the writ is entertainable by this court, *see Renier,* supra [*Ex parte Renier,* 734 S.W.2d 349 (Tex.Crim. App.1987)] the writs of habeas corpus under Art. 5, § 8 of the Texas Constitution and under Art. 11.05, V.A.C.C.P .... are not so limited.

*Rodriguez,* 769 S.W.2d at 558. Because the applicant in *Rodriguez* and *Renier* were both on probation, their convictions were not final, they were not confined, and for those reasons an 11.07 writ was not available to them. Both were, for purposes of the writs available pursuant to other provisions of the Code and Constitution, sufficiently retrained in their liberties, though not in custody, to authorize relief by a writ of habeas corpus.

Because Parr's felony conviction is final and he was in custody pursuant to that conviction at the time the application for writ of habeas corpus was filed and heard, the district court did not have the authority to grant an out-of-time appeal. Parr's notice of appeal filed pursuant to the trial court's grant of an out-of-time appeal was untimely and did not invoke this Court's jurisdiction.

We dismiss this appeal for want of jurisdiction.