NO. 07-07-0078-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 9, 2007
_____

ERASMO GONZALES,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 3320-7; HON. RON ENNS, PRESIDING
_____

***Dismissal***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Erasmo Gonzales (appellant) appeals an order denying his "Motion for Judicial Notice" signed by the trial court this year. We dismiss the cause for want of jurisdiction.

As revealed by the allegations and argument in his *pro se* appellant's brief, appellant has used his purported request for the trial court to take judicial notice as a means of attacking the validity or legality of his 1996 conviction. Yet, that conviction became final both many years ago and many years before appellant filed his 2007 notice of appeal.

TEX. R. APP. P. 26(a) (requiring an appellant to file his notice of appeal within 30 or 90 days of the date the trial court sentenced him in open court).

Moreover, even if we were to interpret the motion to take judicial notice as effort to initiate a habeas proceeding under art. 11.07 of the Texas Code of Criminal Procedure, that would not change the outcome. Those proceedings are commenced in the Court of Criminal Appeals, and intermediate appellate courts, such as ours, have no authority to act on them. *Parr v. State,* 206 S.W.3d 143, 145 (Tex. App.–Waco 2006, no pet.) (holding that intermediate appellate courts have no jurisdiction over art. 11.07 proceedings).

In sum, we have no jurisdiction over the substance of appellant's complaints, and having no such jurisdiction, we have no choice but to dismiss the appeal. *Olivo v. State,* 918 S.W.2d 519, 523 (Tex. Crim. App. 1996) (obligating an intermediate appellate court to dismiss the appeal if it lacks jurisdiction). So, it is dismissed.

Brian Quinn
Chief Justice

Do not publish.

2