NO. 07-07-0078-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 9, 2007

______________________________

ERASMO GONZALES, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 69
TH
 DISTRICT COURT OF DALLAM COUNTY;

NO.  3320-7; HON. RON ENNS, PRESIDING

_______________________________

Dismissal

_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Erasmo Gonzales (appellant) appeals an order denying his “Motion for Judicial Notice” signed by the trial court this year.  We dismiss the cause for want of jurisdiction.

As revealed by the allegations and argument in his 
pro se
 appellant’s brief, appellant has used his purported request for the trial court to take judicial notice as a means of attacking the validity or legality of his 1996 conviction.  Yet, that conviction became final both many years ago and many years before appellant filed his 2007 notice of appeal.  
Tex. R. App. P.
 
26(a) (requiring an appellant to file his notice of appeal within 30 or 90 days of the date the trial court sentenced him in open court).

Moreover, even if we were to interpret the motion to take judicial notice as effort to initiate a habeas proceeding under art. 11.07 of the Texas Code of Criminal Procedure, that would not change the outcome.  Those proceedings are commenced in the Court of Criminal Appeals, and intermediate appellate courts, such as ours, have no authority to act on them.  
Parr v. State, 
206 S.W.3d 143, 145 (Tex. App.–Waco 2006, no pet.) (holding that intermediate appellate courts have no jurisdiction over art. 11.07 proceedings).

In sum, we have no jurisdiction over the substance of appellant’s complaints, and having no such jurisdiction, we have no choice but to dismiss the appeal.  
Olivo v. State, 
918 S.W.2d 519, 523 (Tex. Crim. App. 1996) (obligating an intermediate appellate court to dismiss the appeal if it lacks jurisdiction).  So, it is dismissed.  

Brian Quinn

          Chief Justice

Do not publish.4áàåßÑextension of time to file same.

 In her 
Anders
 brief, appellant’s counsel explained why she concluded that no arguable basis for appeal existed.  She considered such things as the 1) sufficiency of the indictment to state an offense and invoke the trial court’s jurisdiction, 2) pre-trial motions regarding appellant’s juvenile record to be used at punishment which are permitted by the Texas Family Code, §58.007(g), 3) voluntariness of appellant’s plea and the statutory admonitions given by the trial court, 4) existence of evidence supporting the finding of guilt, and 5) fact that punishment was assessed within the range allowed by law.

Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel’s conclusions and to uncover any error, reversible or otherwise, pursuant to 
Stafford v. State
, 813 S.W.2d 503 (Tex. Crim. App. 1991).  Our own review not only confirmed the accuracy of appellate counsel’s representations but also failed to reveal any error. 

Accordingly, the motion to withdraw is granted and the judgment is affirmed. 

                                          Brian Quinn 

                                                                             Justice 

 

 

Do not publish.