IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00102-CR

 

Theodore Paul Gallia, Jr.,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 19th District
Court

McLennan County, Texas

Trial Court No. 2006-1701-C1

 



MEMORANDUM  Opinion



 

Theodore Paul Gallia, Jr., pro se, appeals
from his plea-bargained felony conviction.[1] 
The Clerk warned Gallia that the Court might dismiss his appeal because his
notice of appeal was not timely filed unless, within 21 days, a response was
filed showing grounds for continuing the appeal.  The date sentence was imposed
was December 14, 2009.  Gallia’s notice of appeal was filed on March 15, 2010
and was thus untimely.  See Tex.
R. App. P. 26.2(a)(1) (providing that notice of appeal must be filed
within 30 days after date sentence imposed or 30 days after entry of appealable
order).  

Gallia’s response requests an
out-of-time appeal.[2] 
We lack jurisdiction to grant an out-of-time appeal; that authority belongs
exclusively to the Court of Criminal Appeals through a writ of habeas corpus.  See
Parr v. State, 206 S.W.3d 143, 144-45 (Tex. App.—Waco 2006, no pet.). 
Because Gallia’s notice of appeal is untimely, we lack jurisdiction and dismiss
his appeal.[3]

 

 

REX
D. DAVIS

Justice

            

 

 

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Appeal
dismissed

Opinion
delivered and filed April 21, 2010

Do not publish

[CR25]








 









[1] The record contains a waiver of appeal,
and the certification of defendant’s right of appeal states that Gallia’s case
is a plea-bargain case, that he has no right of appeal, and that he has waived
the right of appeal.

 





[2]
Gallia’s response asserts that he
was not informed of his right to appeal, that a deputy instructed him to sign a
waiver without his attorney present, and that his attorney failed to request an
appeal.  Because we lack jurisdiction, we cannot address these allegations.

 





[3] Remaining pending are Gallia’s two
other proceedings:  10-09-00372-CR and 10-09-00373-CR.








>        Failure or refusal to attend the mediation
as scheduled and to actively participate therein may result in the imposition
of sanctions, as permitted by law.  

        Any objection to this Order must be filed
with this Court and served upon all parties within ten days after the date of
this Order, or it is waived.

        We
abate the appeal and original proceedings for mediation. 

PER
CURIAM

Before
Chief Justice Gray,

        Justice
Reyna, and

        Justice
Davis

Order
issued and filed February 11, 2009

Appeal
and original proceedings abated for mediation

Do
not publish