NO. 07-12-00151-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 20, 2012

---

SAMUEL LUJAN, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

---

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2001-435,583; HONORABLE JIM BOB DARNELL, JUDGE

---

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On December 15, 2006, appellant, Samuel Lujan, was convicted of the offense of possession with intent to deliver a controlled substance, and sentenced to incarceration in the Texas Department of Criminal Justice, Institutional Division, for a period of forty-five years. On April 20, 2012, appellant filed his notice of appeal with the trial court. We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within thirty days after sentence is imposed or suspended in open court or within ninety days after that date if a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a). Therefore, appellant's notice of appeal

was due on January 15, 2007. Because appellant's notice of appeal was filed more than five years after it was due, this Court is without jurisdiction over this appeal.[1] See Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996). Because this Court is without jurisdiction to address the merits of this appeal, we have no authority to take any action other than to dismiss the appeal. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523.

By letter dated July 5, 2012, this Court notified appellant that it appeared that his notice of appeal was untimely filed and failed to invoke this Court's jurisdiction, and directed him to file a response with the Court by August 6, explaining how this Court has jurisdiction over the appeal. To date, we have received no response from appellant.

As such, we now dismiss the purported appeal for want of jurisdiction.[2]

Mackey K. Hancock
Justice

Do not publish.

_____

[1] We are aware that the trial court entered an "Order Granting Out of Time Appeal" in this cause. However, because appellant was convicted of a felony, the conviction had become final, and appellant is in custody pursuant to that conviction, the trial court did not have authority to grant appellant an out-of-time appeal. See Parr v. State, 206 S.W.3d 143, 145 (Tex.App.—Waco 2006, no pet.).

[2] Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. See TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2007); Parr, 206 S.W.3d at 145.