

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00019-CR

YESENIA FLORES ANCISO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 65,500-D, Honorable Don R. Emerson, Presiding

May 16, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Yesenia Flores Anciso, was convicted of the offense of aggravated assault with a deadly weapon and, on October 3, 2012, sentenced to incarceration in the Texas Department of Criminal Justice, Institutional Division, for a period of four years. On January 28, 2013, appellant filed his notice of appeal with the trial court. We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within thirty days after sentence is imposed or suspended in open court or within ninety days after that date if a motion for

new trial is timely filed.  TEX. R. APP. P. 26.2(a).  Appellant timely filed a motion for new trial on October 26, 2012.  Therefore, appellant's notice of appeal was due on January 2, 2013.  Appellant's appointed appellate counsel filed a motion to extend time to file notice of appeal on January 28, at the same time appellant's notice of appeal was filed.  However, the extension of time authorized by the rules of appellate procedure only allow an extension of 15 days, or until January 17, in this case.  Because appellant's notice of appeal was filed 26 days after it was due and 11 days after the deadline could be extended under the rules, this Court is without jurisdiction over this appeal.  See Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996).  Because this Court is without jurisdiction to address the merits of this appeal, we have no authority to take any action other than to dismiss the appeal.  See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998); Olivo, 918 S.W.2d at 523.

By letter dated March 6, 2013, this Court notified appellant that it appeared that his notice of appeal was untimely filed and failed to invoke this Court's jurisdiction, and directed him to file a response with the Court by April 8, explaining how this Court has jurisdiction over the appeal.  To date, we have received no response from appellant.

As such, we now dismiss the purported appeal for want of jurisdiction.[1]

Mackey K. Hancock
Justice

Do not publish.

---

[1] Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal.  See TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2007); Parr v. State, 206 S.W.3d 143, 145 (Tex.App.—Waco 2006, no pet.).