

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00248-CR

ROBERT RAY YOUNG, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2012-435,813, Honorable John J. "Trey" McClendon, Presiding

August 30, 2013

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Robert Ray Young, was convicted of the offense of possession of a controlled substance with intent to deliver, for which a thirty-seven-year sentence of incarceration was imposed on December 20, 2012. On July 25, 2013, appellant filed his notice of appeal with this Court. We will dismiss for want of jurisdiction.

By letter dated August 15, 2013, this Court notified appellant that it appeared that his notice of appeal was untimely filed and failed to invoke the Court's jurisdiction. We directed appellant to file a response with the Court by August 26, 2013, explaining how

this Court has jurisdiction over the appeal. Appellant filed a late response to our letter, which we have considered, but his response fails to demonstrate how we have jurisdiction over this appeal.

To be timely, a notice of appeal must be filed within thirty days after sentence is imposed or suspended in open court or within ninety days after that date if a motion for new trial is timely filed. See TEX. R. APP. P. 26.2(a). Because appellant's notice of appeal was filed 217 days after sentence was imposed, it was untimely.

Because appellant failed to file a timely notice of appeal from the trial court's judgment of conviction in trial court cause number 2012-435,813, we are without jurisdiction to entertain appellant's appeal. See Olivo v. State, 918 S.W.2d 519, 522 (Tex.Crim.App. 1996) (en banc). Because this Court is without jurisdiction to address the merits of this appeal, we have no authority to take any action other than to dismiss the appeal. See Slaton v. State, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998) (per curiam); Olivo, 918 S.W.2d at 523.

Accordingly, we now dismiss the purported appeal for want of jurisdiction.[1]

Mackey K. Hancock
Justice

Do not publish.

---

[1] Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. See TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); Parr v. State, 206 S.W.3d 143, 145 (Tex.App.—Waco 2006, no pet.).