# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00642-CR

**Sean Williams, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT
### NO. 42,723, THE HONORABLE WILLIAM C. BLACK, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 1992, Sean Williams was charged with the offense of capital murder.[1]  On October 14, 1993, pursuant to a plea bargain, he pled guilty to the lesser-included offense of murder and was sentenced to confinement for life in the Texas Department of Criminal Justice.[2]  Williams has now filed a pro se document seeking permission to appeal his conviction, which the district clerk forwarded to this Court as a notice of appeal.  For the reasons that follow, we dismiss this attempted appeal for want of jurisdiction.

---

[1] *See* Act of May 28, 1973, 63d Leg., ch. 426, art. 2, § 1, 1993 Tex. Gen. Laws 1122, 1123, *amended by* Act of May 27, 1983, 68th Leg., ch. 977, § 6, 1983 Tex. Gen. Laws 5311, 5317, *amended by* Act of Apr. 16, 1985, 69th Leg., ch. 44, § 1, 1985 Tex. Gen. Laws 434, *amended by* Act of May 27, 1991, 72d Leg., ch. 652, § 13, 1991 Tex. Gen. Laws 2397 (current version at Tex. Penal Code § 19.03).

[2] *See* Act of May 23, 1973, 63d Leg., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 913, *amended by* Act of May 28, 1973, 63d Leg., ch. 426, art. 2, § 1, 1973 Tex. Gen Laws 1122, 1123 (current version at Tex. Penal Code § 19.02).

**DISCUSSION**

*Untimely Notice*

This Court's appellate jurisdiction in a criminal case is invoked by a timely filed notice of appeal. *See State v. Riewe*, 13 S.W.3d 408, 410 (Tex. Crim. App. 2000); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2 of the Texas Rules of Appellate Procedure provides that an appeal is perfected in a criminal case when notice of appeal is filed within 30 days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. Tex. R. App. P. 26.2(a)(1). Absent a timely filed notice of appeal, we do not obtain jurisdiction to address the merits of the appeal in a criminal case and can take no action other than to dismiss the appeal for want of jurisdiction. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

In this case, the trial court imposed sentence on October 14, 1993. Williams filed his pro se request for an appeal on September 3, 2013—almost 20 years after sentence was imposed. Thus, his notice of appeal is untimely and does not operate to give us jurisdiction over this appeal. *See Castillo v. State*, 369 S.W.3d 196, 202 (Tex. Crim. App. 2012).

*No Right to Appeal*

Furthermore, the clerk's record in this appeal contains a trial court certification signed by the district court judge on September 9, 2013. The trial court has certified that (1) this is a plea-bargain case and Williams has no right of appeal, and (2) Williams waived the right of appeal.[3]

_____

[3] We also note that the judgment of conviction reflects the terms of the plea bargain as "Defendant to receive life [in the] Texas Department Criminal Justice Institutional Division and shall not appeal."

We are required to dismiss an appeal "if a certification that shows the defendant has a right of appeal has not been made part of the record." *See* Tex. R. App. P. 25.2(d); *Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005).

### *Out-of-Time Appeal*

To the extent Williams asks this Court to grant him an out-of-time appeal, that remedy is beyond the jurisdiction of this Court. His recourse, if any, is by way of post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals. *See* Tex. Code Crim. Proc. art. 11.07, §§ 3(a), 5; *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) ("We are the only court with jurisdiction in final post-conviction felony proceedings."); *Parr v. State*, 206 S.W.3d 143, 145 (Tex. App.—Waco 2006, no pet.) ("[T]he Court of Criminal Appeals . . . has the exclusive authority to grant post-felony conviction relief, such as an out-of-time appeal, if the defendant is then confined as a result of that final felony conviction.").

### CONCLUSION

Williams's notice of appeal, filed nearly 20 years after his sentence was imposed, is untimely. Thus, this Court lacks jurisdiction to entertain an appeal. Moreover, the record reflects that this was a plea-bargain case and Williams has no right of appeal. For these reasons, we dismiss Williams's attempted appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f).

_____

Melissa Goodwin, Justice

Before Justices Puryear, Rose, and Goodwin

Dismissed for Want of Jurisdiction

Filed:   October 11, 2013

Do Not Publish