# NO. 12-13-00366-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BOBBY RAY NICHOLS,* *APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Following a jury trial, Appellant was convicted of murder, and his sentence was imposed in open court on January 24, 2013.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). When a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2).

Appellant did not file a motion for new trial. Therefore, Appellant's notice of appeal was due to have been filed on or before February 25, 2013. *See* TEX. R. APP. P. 21.4(a), 26.2(a)(1). Appellant did not file his notice of appeal until December 3, 2013, and did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

On December 3, 2013, this court notified Appellant that his notice of appeal was untimely and that there was no timely motion for an extension of time to file the notice of appeal

as permitted by Rule 26.3. Appellant was further informed that the appeal would be dismissed unless, on or before December 13, 2013, the information filed in this appeal was amended to show the jurisdiction of this court.

In response to this court's December 3, 2013 notice, Appellant filed a motion for extension of time to show the jurisdiction of this court. In his motion, Appellant implicitly concedes that his notice of appeal was filed well past the deadline prescribed by Rule 26.2. He also explains his reasons for wanting to appeal,, but he does not explain how an extension of time would assist him in showing the jurisdiction of this court. Moreover, to the extent that Appellant seeks an out of time appeal, that remedy is beyond the jurisdiction of this court. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) ("We are the only court with jurisdiction in final postconviction felony proceedings."); *Parr v. State*, 206 S.W.3d 143, 145 (Tex. App.–Waco 2006, no pet.) ("[T]he Court of Criminal Appeals . . . has the exclusive authority to grant post-felony[-]conviction relief, such as an out-of-time appeal, if the defendant is then confined as a result of that final felony conviction.").

Appellant's notice of appeal was filed approximately ten months after sentence was imposed and therefore was untimely. Because this court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3, the appeal must be dismissed. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, we overrule Appellant's motion for extension of time to show this court's jurisdiction and *dismiss* the appeal *for want of jurisdiction*. Appellant's request for an extension of time to correct other defects in the appeal is overruled as moot.

Opinion delivered December 20, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### DECEMBER 20, 2013

### NO. 12-13-00366-CR

**BOBBY RAY NICHOLS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 007-0908-12)

---

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this court that this court is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*