

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00416-CR

RICHARD W. LIVESAY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. 2002-439,778, Honorable Jim B. Darnell, Presiding

January 6, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Richard W. Livesay, pled guilty to and was convicted of the offense of aggravated assault with a deadly weapon. On April 4, 2003, appellant was sentenced to incarceration in the Texas Department of Criminal Justice, Institutional Division, for a period of thirty years. On November 26, 2013, appellant filed his notice of appeal. We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within thirty days after sentence is imposed or suspended in open court or within ninety days after that date if a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a). Appellant did not file a motion for new trial. Therefore, appellant's notice of appeal was due on May 5, 2003.[1] Because appellant's notice of appeal was filed ten and a half years after the deadline, this Court is without jurisdiction over this appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because this Court is without jurisdiction to address the merits of this appeal, we have no authority to take any action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo*, 918 S.W.2d at 523.

By letter dated December 5, 2013, this Court notified appellant that it appeared that his notice of appeal was untimely filed and failed to invoke this Court's jurisdiction, and directed him to file a response with the Court by January 6, 2014, explaining how this Court has jurisdiction over the appeal. On December 20, 2013, this Court received appellant's response. In it, appellant contends that he has a statutory right to appeal that cannot be abridged by rule, especially as to his contention that his plea was involuntarily given. However, the Court of Criminal Appeals has recently reiterated that the timely filing of a written notice of appeal is a jurisdictional prerequisite to appeal. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

---

[1] Thirty days from the date sentence was imposed would be May 4, 2003. However, because May 4, 2003, was a Sunday, appellant's notice of appeal was due on May 5, 2003. *See* TEX. R. APP. P. 4.1(a).

As such, we now dismiss the purported appeal for want of jurisdiction.[2]


Mackey K. Hancock
Justice


Do not publish.

---

[2] Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2007); Olivo, 918 S.W.2d at 525 n.8 ("the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. [ANN.] art. 11.07"); *Parr v. State*, 206 S.W.3d 143, 145 (Tex. App—Waco 2006, no pet.).