

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00007-CR

FRANK REYNALDO CONTRERAS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B19059-1201, Honorable Edward Lee Self, Presiding

February 26, 2014

## MEMORANDUM OPINION

### Before QUINN, C.J., and CAMPELL and HANCOCK, JJ.

Appellant, Frank Reynaldo Contreras, pled guilty to and was convicted of the offense of driving while intoxicated. On March 14, 2012, appellant was sentenced to incarceration in the Texas Department of Criminal Justice, Institutional Division, for a period of eighteen years, fined $5,000, and assessed court costs in the amount of $489. On that same day, the trial court entered an order to withdraw funds from appellant's inmate trust account. On October 12, 2012, appellant filed a letter that appears to have sought appeal in the district court. However, it appears that this notice of appeal was

not forwarded to the Clerk of this Court. *See* TEX. R. APP. P. 25.2(e). On January 6, 2014, this Court received a letter from appellant apparently seeking to appeal his conviction and sentence in the above-identified cause. However, because his letter was unclear as to which judgment or other appealable order he sought to appeal, we directed appellant to file an amended notice of appeal. Appellant responded to our directive and specifically indicated that he seeks to appeal the sentence imposed in trial court cause number B19059-1201. We dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within thirty days after sentence is imposed or suspended in open court or within ninety days after that date if a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a). Appellant did not file a motion for new trial. Therefore, appellant's notice of appeal was due on April 13, 2012.[1] Because appellant's notice of appeal was filed six months after the deadline, this Court is without jurisdiction over this appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because this Court is without jurisdiction to address the merits of this appeal, we have no authority to take any action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo*, 918 S.W.2d at 523. The Court of Criminal Appeals has recently reiterated that the timely filing of a written notice of appeal is a jurisdictional prerequisite to appeal. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

---

[1] Appellant's October 12, 2012 letter to the trial court indicating his desire to appeal his conviction and sentence was sufficient to constitute a notice of appeal under Texas Rule of Appellate Procedure 25.2(c)(2).

As such, we now dismiss the purported appeal for want of jurisdiction.[2]


                                        Mackey K. Hancock
                                              Justice


Do not publish.

---

[2] Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2007); *Olivo*, 918 S.W.2d at 525 n.8 ("the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. [ANN.] art. 11.07."); *Parr v. State*, 206 S.W.3d 143, 145 (Tex. App—Waco 2006, no pet.).