

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00130-CR

JOSEPH SAMUEL COCHRAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 66th District Court
Hill County, Texas
Trial Court No. 37,531, Honorable A. Lee Harris, Presiding

April 17, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Joseph Samuel Cochran, attempts to appeal the trial court's judgment in which he was convicted of failure to comply with sex offender registration requirements and sentenced to five years' incarceration.[1] We will dismiss his appeal for want of jurisdiction.

---

[1] *See* TEX. CODE CRIM. PROC. ANN. art. 62.102 (West Supp. 2013).

Procedural History

The trial court imposed sentence in this case on October 4, 2013. A motion for new trial was filed on behalf of appellant in the trial court on October 11, 2013, making appellant's notice of appeal due no later than January 2, 2014. *See* TEX. R. APP. P. 26.2(a)(2). Appellant's notice of appeal was not filed in the trial court by January 2. Instead, it was filed in the trial court on January 23, twenty-one days after the deadline. Appellant's motion for extension of time in which to file his notice of appeal was filed in the transferor appellate court on March 17, 2014.[2]

Applicable Law

A timely notice of appeal is necessary to invoke an appellate court's jurisdiction. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (en banc); *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993) (en banc). As a general rule, a notice of appeal is due within thirty days after sentence is imposed in open court or within ninety days of that date if a motion for new trial is timely filed. *See* TEX. R. APP. P. 26.2. The time in which a notice of appeal may be timely filed may be extended, however, if, within fifteen days of the original deadline, appellant files his notice of appeal in the trial court and if he files in the appellate court a motion for extension of time in which to file the notice of appeal and, in it, provides a reasonable explanation for the need for the extension. *See* TEX. R. APP. P. 26.3 (referring to a motion in compliance with TEX. R. APP. P. 10.5). Absent a timely filed notice of appeal, we lack jurisdiction to dispose of this appeal in

---

[2] Pursuant to a Texas Supreme Court docket equalization order, this cause was transferred to this Court from the Waco Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Upon its transfer to this Court, the motion for extension of time to file the notice of appeal was still pending.

any manner other than by dismissing it for want of jurisdiction.  *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998) (per curiam); *Olivo*, 918 S.W.2d at 526.

Analysis

By his motion seeking an extension of time to file his notice of appeal, appellant acknowledges that his notice of appeal was late, attempts to explain the reason for the late filing, and seeks leave to file the notice of appeal late.  *See* Tex. R. App. P. 26.3. However, appellant failed to file the notice of appeal in the trial court by January 17, within the fifteen-day period allowed; rather, he filed it on January 23, twenty-one days after the original January 2nd deadline.  *See id.*  Further, appellant's motion for extension of time to file his notice of appeal was not timely filed in the appellate court, also not having been filed within the requisite fifteen days provided by the applicable rules of procedure.  *See id.*  The motion for extension of time to file his notice appeal was filed in the transferor court on March 17, 2014, seventy-four days after the notice of appeal was originally due to be filed in the trial court.  Appellant has failed to satisfy the requirements of Rule 26.3.

Consequently, we are faced with a notice of appeal which is admittedly untimely, and no timely filed motion for extension or other basis for extending the time in which to file the notice of appeal.  *See Olivo*, 918 S.W.2d at 524.  We see no need to advise appellant of this jurisdictional defect and ask that he show grounds for continuing this appeal; he has acknowledged the defect, and that defect serves as the very basis for having filed the motion for extension of time, albeit an untimely one.  In the absence of a timely filed notice of appeal or a timely and proper motion for extension of time to file the

3

notice of appeal, we lack jurisdiction to dispose of this appeal in any manner other than by dismissing it for want of jurisdiction.  *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 526.

Conclusion

Accordingly, we deny appellant's motion for extension of time to file his notice of appeal and dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 43.2(f); *Olivo*, 918 S.W.2d at 526.[3]

Mackey K. Hancock
Justice

Do not publish.

---

[3] Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2013); *Olivo*, 918 S.W.2d at 525 n.8 ("the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to Tex. Code Crim. Proc. [Ann.] art. 11.07"); *Parr v. State*, 206 S.W.3d 143, 145 (Tex. App—Waco 2006, no pet.).