

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-15-00066-CR
_____

LUIS ANGEL AGUILERA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 47th District Court
Potter County, Texas
Trial Court No. 68,551-A, Honorable Dan L. Schaap, Presiding

April 20, 2015

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant filed a document with the trial court on February 19, 2015, that indicated his desire to appeal his November 19, 2014 conviction for manslaughter and resulting eighteen-year sentence of incarceration.[1] However, because it appeared that appellant's notice of appeal was untimely, by letter dated March 11, this Court notified appellant that it appeared the appeal was untimely and directed appellant to show cause, by April 6, why his appeal should not be dismissed for want of jurisdiction.

---

[1] The judgment confirms that appellant was convicted of manslaughter and sentenced to eighteen years' incarceration. Sentence was imposed in open court on November 19, 2014.

Appellant filed a response but it does not show how this Court has jurisdiction over the present appeal. Consequently, we dismiss for want of jurisdiction.

To be timely, a notice of appeal must be filed within thirty days after sentence is imposed or suspended in open court or within ninety days after that date if a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a). Appellant did not file a motion for new trial. Therefore, appellant's notice of appeal was due on December 19, 2014. Because appellant's notice of appeal was filed two months after the deadline, this Court is without jurisdiction over this appeal. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). As such, we have no authority to take any action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo*, 918 S.W.2d at 523. The Court of Criminal Appeals has recently reiterated that the timely filing of a written notice of appeal is a jurisdictional prerequisite to appeal. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

As such, we now dismiss the purported appeal for want of jurisdiction.[2]

Per Curiam

Do not publish.

---

[2] Appellant may have recourse by filing a post-conviction writ of habeas corpus returnable to the Texas Court of Criminal Appeals for consideration of an out-of-time appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2007); Olivo, 918 S.W.2d at 525 n.8 ("the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to TEX. CODE CRIM. PROC. [ANN.] art. 11.07."); *Parr v. State*, 206 S.W.3d 143, 145 (Tex. App—Waco 2006, no pet.).