

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-15-00051-CR

DANIELLE FLORES                                                                 APPELLANT

V.

THE STATE OF TEXAS                                                                    STATE

----------

## FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
## TRIAL COURT NO. F-2012-0337-D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Danielle Flores pleaded guilty to forgery in exchange for three years of deferred adjudication community supervision and a $750 fine, among other terms and conditions, and the State subsequently filed a motion to proceed with the adjudication of her guilt. Several months elapsed after the trial court adjudicated Flores guilty and sentenced her to fifteen months' confinement in

---

[1]*See* Tex. R. App. P. 47.4.

state jail without the filing of a notice of appeal. *See* Tex. R. App. P. 26.2(a), 26.3. Flores then filed in the trial court a motion to substitute counsel and a motion for an out-of-time appeal, in which she complained that her counsel had failed to timely file her notice of appeal.[2] The trial court granted both motions. We gave the parties an opportunity to explain how we have jurisdiction over the appeal, and Flores filed a response, referring this court to code of criminal procedure article 11.05 and article V, section 8 of the Texas constitution.[3] *See* Tex. Const. art. V, § 8; Tex. Code Crim. Proc. Ann. art. 11.05 (West 2015).

The exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus pursuant to code of criminal procedure article 11.07. Tex. Code Crim. Proc. Ann. art. 11.07 (West 2015); *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) ("We are the only court with jurisdiction in final post-conviction felony proceedings."); *see also Parr v. State*, 206 S.W.3d 143, 144 (Tex. App.—Waco 2006, no pet.).[4] *Compare*

---

[2]Flores filed a petition for writ of habeas corpus in the trial court on February 5, 2015, referring the trial court to code of criminal procedure articles 11.05 and 11.08.

[3]Flores alternatively requests that if we find that we do not have jurisdiction, to hold any dismissal in abeyance for sixty days so that she can pursue a remedy under article 11.07.

[4]In *Parr*, after Parr failed to timely file a notice of appeal from his felony conviction, he filed an application for writ of habeas corpus under code of criminal procedure article 11.05 and article V, section 8 of the state constitution, seeking an out-of-time appeal. 206 S.W.3d at 144. The trial court granted the request. *Id.* The Waco court dismissed the appeal for want of jurisdiction because the trial court did not have the authority under an application filed under

*Olivo v. State*, 918 S.W.2d 519, 525 n.8 (Tex. Crim. App. 1996) (stating that the exclusive post-conviction remedy in final felony convictions in Texas courts is through a writ of habeas corpus under article 11.07), *with Nix v. State*, 65 S.W.3d 664, 669 (Tex. Crim. App. 2001) (explaining that because probation is not considered to be a "final" conviction, an application for writ of habeas corpus filed during the pendency of revocation proceedings is returnable to the trial court, whose ruling is reviewable by the court of appeals and subject to a petition for discretionary review in the court of criminal appeals), *Rodriguez v. Court of Appeals, Eighth Supreme Jud. Dist.*, 769 S.W.2d 554, 557, 559 (Tex. Crim. App. 1989) (orig. proceeding) (stating that when a defendant has been granted probation that has not been revoked, he or she can use article V, section 8 of the state constitution and code of criminal procedure articles 11.05 and 11.09 to seek relief in the district court and that article 11.07 applies "only where a defendant is 'confined' pursuant to a final felony conviction"), *and Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, pet. ref'd) (explaining the difference between habeas applications filed after a felony defendant has been

either of those provisions to grant an out-of-time appeal when Parr was confined under a final conviction. *Id.* at 144–45. Parr's exclusive remedy was under article 11.07. *Id.* at 145 (stating that an article 11.07 writ "must be made returnable to the Court of Criminal Appeals because that court has the exclusive authority to grant post-felony conviction relief, such as an out-of-time appeal, if the defendant is then confined as a result of that final felony conviction"). The court of criminal appeals subsequently granted Parr an out-of-time appeal. *Ex parte Parr*, No. AP-75713, 2007 WL 1776006, at *1 (Tex. Crim. App. June 20, 2007) (not designated for publication).

adjudged guilty and sentenced to a term of incarceration under article 11.07 and habeas applications filed during the pendency of either a revocation or an adjudication proceeding).

Here, the trial court did not have the authority to grant Flores's motion for an out-of-time appeal. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 3(c); *Ex parte Harrington*, 310 S.W.3d 452, 457 (Tex. Crim. App. 2010); *Parr*, 206 S.W.3d at 145; *see also Ex parte Williams*, 239 S.W.3d 859, 861–62 (Tex. App.—Austin 2007, no pet.) (explaining that the habeas application under article 11.07 is filed in the district court but that the district court does not decide the merits of the application; instead, it determines whether there are unresolved fact issues, makes any necessary fact findings, and forwards the record to the court of criminal appeals for a final ruling on the application). Because her notice of appeal was untimely, we dismiss the appeal for want of jurisdiction and deny Flores's alternative request for abatement. *See Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).

/s/ Bonnie Sudderth
BONNIE SUDDERTH
JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and SUDDERTH, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  October 29, 2015