# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-21-00329-CR

---

**Christopher Michael Ferris, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY
NO. 19-1663-K26, THE HONORABLE GARY HARGER, JUDGE PRESIDING**

---

### M E M O R A N D U M   O P I N I O N

Appellant Christopher Michael Ferris has filed a motion for extension of time to file his notice of appeal. Appellant was sentenced on May 24, 2021. He filed a motion for a new sentencing hearing on July 14 and a Late Notice of Appeal on July 15, stating that the notice of appeal was late due to a calendaring error. On July 27, he filed a motion for extension of time in this Court, providing more information about the error.

In a criminal case, a defendant must file his notice of appeal within thirty days after the trial court sentences him in open court—or within ninety days, if he timely files a motion for new trial. Tex. R. App. P. 26.2(a); *see id.* R. 21.4(a) (motion for new trial must be filed within thirty days of date sentence is imposed or suspended in open court). Although a court of appeals may extend the time to file a notice of appeal, it may do so only when the defendant files a notice of appeal and a motion for extension of time to file the appeal within fifteen days of the original deadline. *See id.* R. 26.3.

The deadline for filing a motion for new trial was June 23, and, thus, appellant's motion for a new sentencing hearing did not extend his appellate deadline, meaning appellant's notice of appeal and motion for extension of time were filed outside the window for appeal. *See id.* In the absence of a timely filed notice of appeal, we have "no option" but to dismiss an untimely filed appeal in a criminal case. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012); *see Gonzalez v. State*, No. 03-20-00172-CR, 2020 WL 3480370, at *1 (Tex. App.—Austin June 26, 2020, no pet.) (mem. op., not designated for publication).

We therefore dismiss this appeal for want of jurisdiction. *See Castillo*, 369 S.W.3d at 202 (explaining that even being late by "one day is enough to deprive the appellate court of jurisdiction to consider appellant's appeal under the Texas Rules of Appellate Procedure"); *see also Carranza v. State*, No. 03-20-00155-CR, 2020 WL 2073735, at *1 (Tex. App.—Austin Apr. 30, 2020, no pet.) (mem. op., not designated for publication) (dismissing appeal after determining that notice of appeal was filed three days late).[1]

_____
Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Kelly

Dismissed for Want of Jurisdiction

Filed: August 13, 2021

Do Not Publish

_____

[1] The remedy for a late-filed notice of appeal is to file a post-conviction writ of habeas corpus. *See* Tex. Code Crim. Proc. art. 11.05; *Parr v. State*, 206 S.W.3d 143, 145 (Tex. App.—Waco 2006, no pet.) ("An article 11.07 of the Code of Criminal Procedure writ must be made returnable to the Court of Criminal Appeals because that court has the exclusive authority to grant post-felony conviction relief, such as an out-of-time appeal, if the defendant is then confined as a result of that final felony conviction.").