

# IN THE
# TENTH COURT OF APPEALS

### No. 10-22-00035-CR

**JIMMY ROSALES, JR.,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 54th District Court
McLennan County, Texas
Trial Court No. 2015-813-C2**

## MEMORANDUM OPINION

Jimmy Rosales, Jr. wants an out-of-time appeal of his October 6, 2016, conviction for Murder resulting from his guilty plea for which he received a 50-year sentence. He filed a pleading with the district clerk asking that his request be presented to whom Rosales apparently thought was the trial court judge of the court in which he was convicted. The specifically named trial court judge of the convicting court has now been elected to this Court, which might explain why the district clerk forwarded the pleading

to this Court; however the trial court judge who signed the judgment was a retired visiting judge.

The pleading, although not using the approved article 11.07 form, is clearly a post-felony-conviction application for a writ of habeas corpus seeking an out-of-time appeal. It was not addressed to this Court; rather, it was addressed to the district clerk. It was not titled as a notice of appeal. It does not ask for relief from this Court.

Nevertheless, because it indicates his desire to appeal his conviction, and it has been forwarded to this Court by the district clerk, we are required to deal with it. Therefore, it has been docketed as a notice of appeal which Rosales knows is late. He knew he needed approval to pursue a late appeal because his counsel did not timely file a notice of appeal. Based on the content of the application, it appears Rosales is operating under the mistaken belief that he can appeal his conviction, and that his attorney should have filed a notice of appeal, even if he entered into a plea bargain with the State from which there is no right to appeal, and as part thereof, waived the right to appeal the trial court's judgment, as evidenced by the certification of defendant's right of appeal which the district clerk included when forwarding the pleading filed by Rosales to this Court.[1]

As noted, Rosales's notice of appeal is untimely. *See* TEX. R. APP. P. 26.2(a)(1) (providing that a notice of appeal must be filed within 30 days after date sentence imposed or 30 days after entry of appealable order). Further, we have no jurisdiction to grant an out of time appeal; that authority belongs exclusively to the Court of Criminal

---

[1] The title to that document is unfortunate since it actually is designed to note not only when the defendant has the right to appeal, but also when the defendant does not have the right to appeal, as in this case.

Appeals through a writ of habeas corpus. *See Parr v. State*, 206 S.W.3d 143, 144-45 (Tex. App.—Waco 2006, no pet.).

Accordingly, this appeal is dismissed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Smith, and
     Justice Wright[2]
Appeal dismissed
Opinion delivered and filed February 16, 2022
Do not publish
[CRPM]



---

[2] The Honorable Jim R. Wright, Senior Chief Justice (Retired) of the Eleventh Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE §§ 74.003, 75.002, 75.003.