

# IN THE
# TENTH COURT OF APPEALS

### No. 10-23-00183-CR

**ELIAS MARTINEZ-VARGAS,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 19th District Court
### McLennan County, Texas
### Trial Court No. 2020-700-C1

## MEMORANDUM OPINION

Elias Martinez-Vargas appeals his conviction of three counts of Aggravated Sexual Assault of a Child. The judgments were signed on June 2, 2022. Martinez-Vargas' notice of appeal was due July 5, 2022. *See* TEX. R. APP. P. 26.2(a)(1). It's filing on June 21, **2023**, is untimely.

Martinez-Vargas also presented a motion for an extension of time to file his notice of appeal. It is untimely as well. *See id*. 26.3. When both the notice of appeal and the motion for extension of time to file a notice of appeal are untimely, we have no

jurisdiction to grant an out of time appeal; that authority belongs exclusively to the Court of Criminal Appeals through a writ of habeas corpus. *See Parr v. State*, 206 S.W.3d 143, 144-45 (Tex. App.—Waco 2006, no pet.).

We have no jurisdiction of an untimely appeal, and this appeal must be dismissed. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (no appellate jurisdiction where notice of appeal is untimely). Accordingly, this appeal is dismissed.[1]

Martinez-Vargas' motion for leave and motion for extension of time are also dismissed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Johnson, and
     Justice Smith
Appeal dismissed
Motions dismissed
Opinion delivered and filed July 26, 2023
Do not publish
[CR25]



---

[1] Even if Martinez-Vargas' notice of appeal was timely, this appeal would still be dismissed because Martinez-Vargas pled guilty pursuant to a plea bargain and the trial court's certificate of right of appeal indicates Martinez-Vargas has no right to appeal and has waived his right to appeal. *See* TEX. R. APP. P. 25.2(d) ("The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules."); *Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (plea bargain); *Monreal v. State*, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003) (waiver of appeal).