# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## ON REMAND

---

## NO. 03-21-00198-CR

---

**Ex parte Gary Griffin**

---

**FROM THE 22ND DISTRICT COURT OF HAYS COUNTY**
**NO. CR-14-0432-A-WHC2, THE HONORABLE R. BRUCE BOYER, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Gary Lee Griffin of assault on a public servant. *See* Tex. Penal Code § 22.01(b)(1). The trial court sentenced him to two years' confinement and a $2,500 fine, suspended imposition of the sentence, and placed him on community supervision for a period of four years. This Court affirmed his conviction. *See Griffin v. State*, No. 03-15-00398-CR, 2017 WL 2229869, at *9 (Tex. App.—Austin May 19, 2017, pet. ref'd) (mem. op., not designated for publication).

On August 31, 2020, Griffin filed an article 11.072 application for writ of habeas corpus, alleging that his trial counsel was ineffective. *See* Tex. Code Crim. Proc. art. 11.072 (establishing procedure for habeas application in felony case in which applicant seeks relief from community-supervision order). The habeas court denied the application on October 20, 2020. However, due to a clerk's error, habeas counsel did not learn of the denial until December 14, 2020. On March 16, 2021, Griffin filed a second article 11.072 application, once more raising the

ineffective-assistance claim and requesting an out-of-time appeal from the denial of the first application. The habeas court denied the second application after finding that there were no

> controverted, previously unresolved facts material to the legality of [Griffin]'s confinement, or that due process was violated by not receiving a certified copy or encrypted email of the order [denying the first application] since [Griffin] had notice of the decision on December 14, 2020 and failed to file a motion for an out-of-time appeal within thirty days of having notice.

We abated the appeal of that denial for the habeas court to clarify the nature of its order; the court issued a revised order in which it dismissed the second application as frivolous and determined that Griffin was not entitled to relief based on the application's contents. *See Ex parte Griffin*, No. 03-21-00198-CR, 2023 WL 2837487, at *3 (Tex. App.—Austin Apr. 7, 2023, no pet.) (mem. op., not designated for publication); *see also* Tex. Code Crim. Proc. art. 11.072, § 7(a) (requiring that when habeas court determines "that the applicant is manifestly entitled to no relief," court either "enter a written order denying the application as frivolous" or "enter a written order including findings of fact and conclusions of law").

On appeal in this Court, Griffin contended, *inter alia*, that the habeas court erred by denying his request for an out-of-time appeal based on the mistaken belief that the second application was subject to a thirty-day deadline. We affirmed the habeas court's order and, citing the Court of Criminal Appeals' decision in *Ex parte Riley*, 193 S.W.3d 900, 901 (Tex. Crim. App. 2006), concluded that Griffin had "failed to show that he was entitled to an out-of-time appeal as a matter of due process in light of his attorney's 93-day delay in requesting the out-of-time appeal without the barest reason given for the delay." *Ex parte Griffin*, 703 S.W.3d 831, 837 (Tex. App.—Austin 2024) (op. on reh'g), *vacated and remanded*, No. PD-0611-24, 2025 WL 2576270 (Tex. Crim. App. Sept. 3, 2025) (per curiam) (not designated for publication).

The Court of Criminal Appeals vacated our judgment, agreed with Griffin that our conclusion was not supported by its case law, and stated, "Regardless of any delay by appellate counsel, a 93-day delay, given the absence of a statutory deadline, should not disqualify this case from being considered under *Ex parte Riley*." *Griffin*, 2025 WL 2576270, at *1. The court remanded the case to this Court for proceedings consistent with its opinion. *Id.*

In Texas, the writ of habeas corpus protects, among other rights, the right to obtain an out-of-time appeal when there is a "breakdown in the system" that prevents the filing of a proper notice of appeal. *See Riley*, 193 S.W.3d at 902; *see also Griffin*, 703 S.W.3d at 839 (Triana, J., dissenting). When such a breakdown occurs, due process requires that a habeas applicant be permitted to exercise a statutory right of appeal. *See Riley*, 193 S.W.3d at 902.

The Court of Criminal Appeals has held that a trial court that otherwise has habeas authority may grant an out-of-time appeal from a judgment of conviction, *Rodriguez v. Court of Appeals, Eighth Supreme Jud. Dist.*, 769 S.W.2d 554, 558–59 (Tex. Crim. App. 1989); *see also Ex parte Valdez*, 489 S.W.3d 462, 465 (Tex. Crim. App. 2016) (observing that there is "no relevant distinction between a request for an out-of-time appeal and a request for an out-of-time PDR"), and we have concluded that an article 11.072 habeas application is an appropriate vehicle through which to seek such a remedy, *Ex parte McCarty*, No. 03-14-00575-CR, 2015 WL 2089091, at *3-4 (Tex. App.—Austin Apr. 29, 2015, no pet.) (mem. op., not designated for publication) (listing supporting cases). There is no deadline for requesting an out-of-time appeal. *Griffin*, 703 S.W.3d at 839 (Triana, J., dissenting).

In light of the breakdown that occurred in this case, which prevented habeas counsel from filing a timely notice of appeal from the denial of Griffin's first application, the ninety-three-day delay between counsel's receiving actual notice of the denial and the filing of the

second application did not disqualify Griffin from entitlement to an out-of-time appeal under *Riley*. When such a breakdown occurs, due process requires that the right to appeal be protected. *See Riley*, 193 S.W.3d at 902. Accordingly, we conclude that Griffin is entitled to an out-of-time from the denial of his first application for writ of habeas corpus. To the extent that the habeas court relied on the delay to deny Griffin's request for an out-of-time appeal from the denial of his first application, its ruling was in error. We therefore reverse the habeas court's order denying Griffin's second application for writ of habeas corpus and remand the cause to the habeas court for proceedings consistent with this opinion.[1]

_____

Maggie Ellis, Justice

Before Chief Justice Byrne, Justices Triana and Ellis

Reversed and Remanded on Remand

Filed: November 26, 2025

Do Not Publish

---

[1] All pending motions are dismissed as moot.